## HEIGHES v. DOLLARVILLE LUMBER CO.

LESSOR AND LESSEE—CONVERSION OF HOUSE.

> A lessee of land who is in full possession thereof, and of a house built thereon by him under an agreement that it should remain his personal property, cannot maintain an action against the lessor for the conversion of the house because of the sale of the lots to a third party without reservation, although the purchaser requires of him an additional rent.

Error to Luce; Steere, J. Submitted June 16, 1897. Decided June 28, 1897.

Trover by William Heighes against the Dollarville Lumber Company. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*F. H. Peters*, for appellant.

*S. N. Dutcher*, for appellee.

HOOKER, J.   The plaintiff's brief asserts that he rented two lots from the defendant, with the privilege of building a house thereon, which was to be and remain his personal property; that the lease was oral, and the rent reserved, a dollar a year, which he paid so long as defendant owned the premises.   Some two or three years later the defendant sold all of its property at Dollarville, including these lots, to the Danaher-Melendy Company, which continued the business previously conducted by the defendant, the plaintiff continuing in the employ of the new, as he had in that of the old, company.   The Danaher-Melendy Company did not evict the plaintiff, who remains in the occupancy of his house, so far as the record advises us; but four dollars per month have been deducted from his pay for rent since said purchase.

This action is brought for the alleged conversion of the house.   The circuit judge directed a verdict for the defendant, upon the ground that the plaintiff is, and has been since the house was built, in the full possession of the house and lots, which is conclusive that it has not been converted.   If the house was his, the Danaher-Melendy Company got no title, and the plaintiff has a right to remove it at his pleasure, during the continuance of his lawful occupancy of the lots.

The judgment is affirmed.

The other Justices concurred.