Mary Yetzer, Appellant, v. John L. Yetzer, Laura Yet-
zer and Mabel Yetzer.

Who may Assail Fraudulent Conveyance:    In an action by a judg-
ment creditor to set aside a conveyance as in fraud of creditors,
a defense that the deed under which plaintiff claimed title to
the property for the rent of which her judgment was recovered
had itself been set aside as fraudulent was not available, since
defendants, not being creditors of plaintiff, could not complain
of such conveyance.

Fraudulent conveyance:    *Evidence to set aside.*   Defendant con-
veyed land to his sister for an alleged consideration of $400;
the latter executing her note therefor, which was used by de-
fendant as .collateral, but always redeemed by him.   At the
time of the sale, defendant was indebted to plaintiff, and an
action was pending against him by another party.   Though the
sister had funds with which to pay the note, payment was not
asked or made until long after it became due.   The note
was finally deposited in a bank in another town and
sent by the latter to a bank in the town of de-
fendant's residence, for collection, though there was no
reason why defendant could not have collected it him-
self.   Under direction of defendant, the bank collected only
its face value, though it called for interest.   At the time of
payment the sister knew of a judgment existing against the
defendant, and of the pendency of plaintiff's action.   *Held,*
sufficient to show that the conveyance was made to hinder,
delay, and defraud creditors, and was therefore void.

*Appeal from Cass District Court.*—Hon. W. R. Green,
Judge.

Saturday, October 13, 1900.

Plaintiff, a judgment creditor of the defendant John
L. Yetzer, brings this action to set aside a certain deed con-
veying real estate from said John L. Yetzer and Laura Yet-
zer, his wife, to the defendant Mabel Yetzer.   She alleges
that the same was executed without consideration, and to

hinder, delay, and defraud the creditors of John L. Yetzer, and prays that said property may be subjected to the payment of her judgment. The defendants answered, denying that said deed was made without consideration, or to hinder, delay, or defraud creditors, and averring that full and adequate consideration was paid therefor. Decree was rendered dismissing plaintiff's petition, and for costs, from which she appeals.—*Reversed.*

*De Lano & Meredith* and *Willard & Willard* for appellant.

*Curtis, Follett & Curtis* for appellees.

GIVEN, J.—I. The principles of law involved in this controversy are well established and undisputed, and therefore citations are unnecessary. The property sought to be subjected to the payment of plaintiff's judgment consists of lots 1, 2, 3, 4, and 5, in block 67 in the city of Atlantic, Iowa, and the facts necessary to be noticed are these: On December 28, 1893, J. C. Yetzer conveyed to this plaintiff, his wife, the east 50 feet of lots 10, 11, and 12, block 99, in said city, of which the defendant John L. Yetzer was then in possession, and which he continued to occupy until November 1, 1895. Plaintiff's judgment was rendered May 1, 1896, for the rent of said premises from January 1, 1894, to November 1, 1895. On the twentieth day of February, 1895, the defendants John L. Yetzer and Laura Yetzer, his wife, executed their quitclaim deed to the defendant Mabel Yetzer to the five lots in controversy for the recited consideration of $400, and it is this deed that the plaintiff asks to have set aside. On January 4, 1895, one Clausen, a creditor of J. C. Yetzer, brought an action to set aside said deed from J. C. to Mary Yetzer on the grounds that it was made without consideration, and to hinder and delay the creditors of J. C. Yetzer;

he having no other property subject to execution. On June 12, 1895, decree was rendered in said case setting aside said deed, and ordering said property sold to satisfy the debt due to said Clausen.

II. Defendants contend that, as the title of the plaintiff to the property for which she claims rent was set aside as fraudulent, she is not entitled to recover rent therefor, and does not appear in this case "with clean hands," and therefore is not entitled to the equitable relief demanded. J. C. Yetzer had a right as against all persons except his creditors, or others having some interest, to give his property to his wife, or to whomsoever he pleased. He had a right to give of his property to whom he pleased, even as against his creditors, provided he retained sufficient out of which they might, without hindrance or delay, make their debts. It is uniformly held that conveyances made to hinder, delay, and defraud creditors are binding upon the parties and upon all others except creditors or persons whose rights are impaired thereby. These defendants were not parties to the Clausen case, nor creditors of J. C. Yetzer, and no reason is shown why they should be heard to complain of said deed from him to the plaintiff. Clausen did not ask to subject the rent to the payment of his debt. J. C. Yetzer cannot claim it, as he had parted with his title. John L. Yetzer owes it, and, as against him, the plaintiff's title being valid, she may recover the rent. In so asking her hands are quite as clean as are the hands of John L. Yetzer, in seeking upon purely technical grounds to avoid the paymen of the rent he owes to some person. As we view the case, the decree in the case of Clausen against Mary and J. C. Yetzer should not preclude the plaintiff from maintaining this action.

III. We now inquire whether the quitclaim deed from John L. Yetzer and wife to Mabel Yetzer was made to

hinder, delay, and defraud the creditors of John L. Yet-
zer, and was received by Mabel in aid of that pur-
pose. We will not set out the evidence in detail,
but simply the more important parts thereof. John L. and
Mabel Yetzer are children of J. C. Yetzer, and stepchildren
of the plaintiff, all of whom were residing in the city of
Atlantic at the time of this conveyance. The deed was
made for the consideration of $400, for which Mabel exe-
cuted her promissory note to John L. Yetzer. There were
no judgments against John L. at that time, but he was then
indebted to the plaintiff for rent, as already stated, and to
Mr. Steinke, receiver, as is shown by the judgments ren-
dered against John L. He had no property or means with
which to meet these liabilities, other than that conveyed to
Mabel. If it may be said that he did not then anticipate
that his stepmother would make this claim for rent against
him, he certainly knew, by the pending action of the re-
ceiver, that he was demanding a judgment against him for
a considerable sum. It is insisted that he then believed
that he had a good defense to the claim of the receiver, but
he had no sufficient reason for so believing. The matters
urged in support of that belief rather show a desire on his
part to defeat the receiver in the collection of his claim,
than that he had any valid defense thereto. It is urged as
a reason for the conveyance that John L. sold to get means
to go into business elsewhere than in Atlantic, but he does
not seem to have availed himself of this fund with which to
go into business. Though Mabel had funds with which to
pay the note at or before its maturity, and out of which it
is said it was to be paid, payment was not asked or made
until long after the note was due. While it appears that
John L. used this note as collateral security in his business,
he always redeemed it, and never required or used the money
the note called for in his business. Though he had re-
turned from Winterset, where he had been in business, to
Atlantic before the payment of the note, he put it in a Win-

terset bank for collection, and the note was sent to a bank in Atlantic. Mabel insisted that she was not to pay interest, though the note called for it, and under instructions from John L. the bank received the face of the note in full payment. No reason appears for collecting the note through the banks, only that it might thereby falsely appear that John L. was not the owner of the note. The evidence shows quite conclusively, we think, that John L. executed this deed to Mabel Yetzer to hinder, delay, and defraud his creditors—especially the receiver. In view of the relations of the parties and the evidence as to their interviews, we are in no doubt but that Mabel Yetzer knew of the pendency of the receiver's suit against John L. at the time the deed was given to her, and of John's purpose to defeat the collection of that claim. Even if we are incorrect in this conclusion, there can be no doubt but that she knew of that judgment, and of the pendency of this action to which she is a party, at the time she paid the note to the bank; and, having this knowledge, she should have withheld payment until the rights of this creditor were determined. The execution of this conveyance and note was not preceded by such negotiations as usually lead to bona fide sales and purchases. The deed was executed and handed to Mabel without the usual previous bargaining, and was held by her from record for some time, and then returned to John L., who caused it to be placed of record. We will not discuss the evidence further. It is sufficient to say that in our opinion it shows fraud, as alleged, in the execution and receiving of said quitclaim deed; and for this reason we conclude that a decree should be rendered in favor of the plaintiff, setting aside said conveyance.—REVERSED.

GRANGER, C. J., not sitting.