H. W. SPAULDING, Appellant, v. LEWIS B. THOMPSON.

Action to Recover on Covenant in Deed: EXCEPTION IN DEED: NOTICE TO GRANTEE.   Where a deed to real property refers to and is subject to a lease, and the lessee is in possession, the grantee is charged with notice of all the conditions attaching to the tenancy.

*Appeal from   Poweshiek . District   Court.* —HON.   JOHN T. SCOTT, Judge.

THURSDAY, FEBRUARY 5, 1903.

ACTION at law to recover of the defendant on his covenant in a deed.   There was a directed verdict for the defendant, and a judgment thereon, from which the plaintiff appeals. —*Affirmed.*

*D. W. Norris* and *W. R. Lewis* for appellant.

*Haines & Lyman* for appellee.

SHERWIN, J.—When the plaintiff purchased the land in question, possession thereof was held by one Horak as

the tenant of the defendant under an unexpired lease. The defendant's deed contained the usual covenant of warranty, but contained the clause that "this deed is subject to a lease in favor of Daniel Horak, which is hereby transferred to the grantee named herein." When his term expired, Horak claimed certain outbuildings then on the premises by virtue of an alleged contract with a former owner of the land, Mrs. Scott, under whom he held as tenant when this defendant purchased. The plaintiff, Spaulding, resisted the claim of Horak, and Horak thereupon sued Thompson for the value of his improvements. He was denied relief in that action (see *Horak v. Thompson*, (Iowa), (83 N. W. Rep. 889), and upon the determination of that case brought suit against Spaulding for conversion of the property claimed. That case was settled without a trial by the payment of the claim · by Spaulding, who in this action seeks to recover the amount so paid. We think the verdict was properly directed for the defendant. The tenant was not only in possession, but the deed, by its express terms, was subject to his rights as such tenant; and, whatever those rights were, they were clearly excepted in the deed, and the plaintiff, Spaulding, was charged with notice of all the conditions attaching to Horak's tenancy. It is conceded that neither of the parties hereto knew that Horak claimed to own any of the lumber or buildings, but this does not alter the situation, so far as the plaintiff is concerned, for he was fully advised that he was taking the premises subject to all of the rights of Horak therein, and it was his duty to ascertain what those rights were. But for the exception in the deed, the case would probably be within the rule announced in *Van Wagner v. Van Nostrand*, 19 Iowa, 422, and there might have been a breach of the covenant, whether the plaintiff knew of Horak's rights or not; but we have a different case here, and the judgment must be AFFIRMED.