[No. 9039. Department One. December 5, 1910.]

LOUIS MORIN, *Appellant*, v. WILLIAM BREMER *et al.*, *Respondents.*[1]

LANDLORD AND TENANT—RIGHTS OF TENANT—REMOVAL OF BUILDING—SALE OF PREMISES. A lessee, who erected a building on the premises under a recorded lease giving her the right to remove it, cannot recover the alleged price of the building from the lessor on his sale of the premises to one having notice of the lease; since the building still belonged to the lessee who remained in possession with the right of removal (GOSE and FULLERTON, JJ., dissenting).

Appeal from a judgment of the superior court for Kitsap county, Main, J., entered June 8, 1910, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, for money had and received. Affirmed.

*John H. Allen,* for appellant.

*Frank P. Lewis* and *Louis Henry Legg,* for respondents.

MOUNT, J.—Appellant brought this action to recover from the respondents $900, alleged to have been received by reason of the sale of a building belonging to appellant. The case was tried to the court and a jury. Verdict was rendered in favor of the appellant for the full amount claimed. The court thereupon entered a judgment for the defendants notwithstanding the verdict. The plaintiff has appealed.

The facts are as follows: In the year 1908, the respondents were the owners of certain town lots in the town of Brem-

[1]Reported in 111 Pac. 1058.

erton. They then entered into a written lease with the plaintiff for one of these lots, by which lease it was agreed that the plaintiff might erect a building on the lot, and at the expiration of the lease, could remove the building, which was to remain the property of the plaintiff. This lease was acknowledged and duly recorded. At the expiration of the term of the written lease, it was orally agreed that the plaintiff might continue in possession of the premises under a month to month tenancy, with the same right to remove the building. At the expiration of the recorded lease, and while the plaintiff was still in possession of the premises, the defendants sold the land to the Migliavacca Investment Company, by warranty deed, which described the lots and recited that they were conveyed "together with the appurtenances." The purchaser knew of the recorded lease, and that the plaintiff was still in possession of the building on one of the lots. He therefore knew that the plaintiff in this case was, and claimed to be, the owner of the building. There is disputed evidence to the effect that, about the time of the sale, the agent of the defendants said to the purchasers that the building went with the land. The plaintiff still remained in possession of the premises, and continued to do so to the time and at the time of the trial. He testified, however, that the purchaser threatened to eject him, and that he entered into another lease with the purchaser, under which the plaintiff was still holding possession of the premises. We are satisfied that, under these facts, the trial court correctly granted judgment to the defendants notwithstanding the verdict. The building which was erected by the plaintiff was no part of the realty. It was erected with the understanding and agreement that it might be removed, and that it should be and remain the property of the plaintiff. The plaintiff was in possession, and his right to remove the building was not affected by the sale, even if the seller and the purchaser supposed that it went with the land. The building was, and still is, the property of the plaintiff and in his possession.

In *Heighes v. Dollarville Lumber Co.*, 113 Mich. 518, 71 N. W. 870, which is a case almost identical with this case, the court said:

"The circuit judge directed a verdict for the defendant, upon the ground that the plaintiff is, and has been since the house was built, in the full possession of the house and lots, which is conclusive that it has not been converted. If the house was his, the Danahar-Melendy Company got no title, and the plaintiff has a right to remove it at his pleasure, during the continuance of his lawful occupancy of the lots."

In *Davis v. Buffum*, 51 Me. 160, the court said, at page 163:

"Neither can the mere giving a deed of land leased, the lessee continuing in quiet possession, be deemed a conversion of fixtures which the tenant has the right to remove during his term. The lease was as valid after as before the deed. The rights of the lessee remained the same. The deed was no more a conversion of the tenant's fixtures than it was a breach of the covenants of the lease."

See, also, *Horak v. Thompson* (Iowa), 83 N. W. 889.

It is plain, we think, that the interest of the plaintiff in the building and the right to remove the same was not molested by the sale of the real estate. In short, there was no sale of his building and he has no right to complain of the sale of the realty by the defendants to the investment company. We also think that the evidence fails to show that the defendants received any consideration whatever for the plaintiff's building.

The judgment is therefore affirmed.

RUDKIN, C. J., and PARKER, J., concur.

GOSE, J. (dissenting)—I think the respondents intended to sell, and the purchaser intended to buy, the building with the ground. The presumption follows that the vendor received the value of the building. The appellant can, there-

fore, waive the tort and sue for money had and received to the extent of the reasonable value of the building.

I therefore dissent.

FULLERTON, J., concurs with GOSE, J.