## Bird v. Webber.

### No. 48.    Opinion Filed May 12, 1909.

#### (101 Pac. 1052.)

1.  **APPEAL AND ERROR—Review—Conflicting Evidence.** Where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict.

2.  **BROKERS—Right to Commissions—Termination of Contract.** Where the contract provides that certain land shall be left for sale with B. for two weeks from the date thereof and thereafter until ——— days' written notice of the withdrawal of said land from his hands, and that should defendant, who signed said contract, through any other agency sell said land, B. should receive a certain commission on said sale, and where B., acting thereunder, failed to sell the same within said two weeks, and at the expiration thereof verbally acquiesced with defendant that his time to make a sale thereof had expired by virtue of the terms of said contract, and at the same time stated to him that there

was no use to destroy said contract which defendant wanted to do, and neither B. nor defendant acted further under said contract, held, in a suit by B. against defendant for commissions earned on a subsequent sale of said land by him, that such constituted on the part of B. a waiver of said written notice of withdrawal, thereby terminating said contract at the expiration of said two weeks.

(Syllabus by the Court.)

*Error from District Court, Grant County; M. C. Garber, Judge.*

Action by Ben W. Bird against Adam Q. Webber. Judgment for defendant, and plaintiff brings error. Affirmed.

*Sam P. Ridings,* for plaintiff in error.

TURNER, J. On February 17, 1905, Ben W. Bird, plaintiff in error, plaintiff below, sued Adam Q. Webber, defendant in error, defendant below, in the probate court of Grant county. His amended petition states substantially: That he is a real estate broker in Pond Creek, in said county; that as such on November 23, 1904, defendant listed his farm with plaintiff for sale by contract in writing there shown to the court as an exhibit to said petition; that said farm contained 160 acres and was in the vicinity of said town; that within the two weeks specified in said contract Ed James, as a purchaser for said land, was then and there ready, able, and willing to buy the south one-half thereof and as a consideration therefor paid $2,250 to defendant, who accepted the same and transferred said land so sold to said purchaser; that his charges so agreed to be paid were 5 per centum of said purchase money; that the same is due and payment thereof refused and prayed judgment for $112.50 and costs. After general denial filed by defendant, there was trial to a jury, which resulted in a judgment for plaintiff for the amount sued for, which, on appeal and trial to a jury anew in the district court, resulted in a judgment for defendant, and, after motion for a new trial filed and overruled and exceptions saved, plaintiff brings error to this court.

It is first contended that the verdict is not sustained by sufficient evidence. In support of this contention it is first urged that the evidence discloses that, within the two weeks' limit contained

in the contract, plaintiff found and produced a person who was ready, willing, and financially able to make purchase of the property upon the terms fixed by Webber in said contract. This was one of the controverted questions of fact, submitted under proper instructions, which the jury found against the plaintiff, and in determining the question of the sufficiency of the evidence to support such findings we shall be governed by the rule as laid down in *Kramer v. Ewing,* 10 Okla. 357, 61 Pac. 1064, where the court said:

"When controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict."

There is no material conflict in the evidence on this point. It discloses: That just prior to November 23, 1904, plaintiff was a real estate broker in Pond Creek, and defendant the owner of a farm nine miles from that town; that Ed. James, who also owned a farm a few miles out, wanted to buy defendant's farm and told Bird that if he could get it listed for sale he would buy it, provided he could sell his farm; that thereafter defendant listed his farm with plaintiff and entered into the contract in writing sued on, which is as follows:

"Contract. I, the undersigned A. Q. Webber of Pond Creek, of the county of Grant, and territory of Oklahoma, do hereby authorize Ben W. Bird of Pond Creek to bargain and sell the property described at even number herewith, at the price set forth, and do hereby agree that I shall furnish abstract and will convey said property on the sale of the same by warranty deed. I further agree that the above-described property shall be left with said Ben W. Bird for sale as above, for the term of two weeks from date thereof, and thereafter until —— days' notice is given of the withdrawal of said property from said Ben W. Bird's hand in writing, and if said Ben W. Bird sell, or is in any manner instrumental in selling, said property during said time, I will pay him $200.00 * * * commission thereon at the rate of —— per cent. on each additional dollar to the amount of said sale. Should I, or through any other agency, sell said property, I will pay 5 per cent. commission for advertising and other expenses incurred. Dated this 23d day of November, 1904. A. Q. Webber."

This contract was written on a printed form in a book and was No. 8. The property described at "even number" in another part of the book was defendant's said farm, and the selling price was there listed at $4,700.

Of this contract James was promptly notified, and at once went about selling his farm preparatory to buying that of defendant from Bird, but experienced some difficulty in so doing, and, the expiration of the time limit drawing near, was, a day or two before its expiration, urged by Bird to hurry his buyer for the reason, as stated by Bird, that he (Bird) had but one more day in which to sell. Thus matters stood at the expiration of the two weeks in which Bird had to make the sale. Thus far it is clear that no sale by Bird of the property had been made, and upon this evidence he could not hope to recover; but it developed during the trial that the court and counsel for plaintiff took the view that as the contract provided, "I hereby agree that the above-described property shall be left with said Bird for sale as above for the term of two weeks from the date thereof, and thereafter until —— days' notice is given of the withdrawal of said property from said Ben W. Bird's hand in writing," and, as it was conceded that no such notice had been given that, it was proper for plaintiff to show that he had furnished a purchaser at any time after the expiration of said two weeks until defendant gave him notice, or until plaintiff waived it, and that if, in the absence of such waiver, defendant sold the land, he was liable to pay a commission to plaintiff under said contract. This was the construction placed by the court on the contract, and in effect his instructions to the jury, which were excepted to, and which the jury, on the issues thus presented and the testimony taken in support thereof, found against the plaintiff, and we will next inquire whether the evidence is sufficient to sustain such finding.

Covering this period of time, the evidence discloses: That, as soon as said two weeks had expired, defendant went to the office of Bird and informed him that their contract was at an end, which was acquiesced in by Bird, who stated that he knew

it, that such was disclosed on its face, and that there was no use to destroy the contract, which defendant wanted to do; that from this time on, the contract was treated by both parties as ceasing to exist, Bird making no further efforts to sell the land, and defendant making none; that after a few days thereafter said James approached defendant to buy the land, and, arriving at nothing satisfactory, again approached him in about a month thereafter, at which time defendant agreed to sell him the south half thereof for $2,250,—which was not accepted or intended to be, as James had not yet sold his land, and for that reason was not able financially to buy it; that on January 7, 1905, however, defendant sold said land to James for $2,250, whereupon Bird demanded his commission, and on being refused brought this suit. It is clear that Bird had nothing to do with furnishing this purchaser, but that he had terminated his contract with defendant by waiving a written withdrawal of the property from his hands at the expiration of the two weeks, and that the evidence is ample to support the finding of the jury. We have examined the evidence admitted over the objection of defendant on the ground that its effect was to vary the terms of the contract, and find the same was proper. Such was not the effect of the evidence, neither was it so intended, but was introduced for the purpose of establishing said waiver, and consisted of conversations between plaintiff and defendant tending to show such waiver. There was some conflict in their testimony on this point; but, there being sufficient competent evidence to sustain the finding of the jury, we will not disturb it. *Kuhl v. Sup. Lodge, etc.*, 18 Okla. 382, 89 Pac. 1126.

The judgment of the lower court is affirmed.

All the Justices concur.