## CLAWSON v. COTTINGHAM *et ux.*

No. 2007. Opinion Filed July 18, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1114.)

1. **APPEAL AND ERROR—Review—Verdict.** Where a jury decides an issue of fact under proper instructions, their verdict will not be disturbed on appeal, if the evidence tends reasonably to support it; and the facts as found by them will be treated on appeal as true, though controverted by the opposite party.

2. **INDIANS—Lands—Ownership by White Man—Conveyance.** A white man, not a member of the Osage Nation, could not own lands in the Osage Nation in August, 1906; and a deed from him to lands in that Nation was void, and constituted no consideration for notes given in payment for the land.

3. **VENDOR AND PURCHASER—Void Sale—Action for Price—Estoppel.** The defendant was not estopped, by taking possession of the land under the deed, from making the defense that it was illegal and void.

4. **INDIANS—Lands—Sale and Improvement.** The provision of section 2 of the act for the division of the lands and funds of the

Osage Nation (Act June 28, 1906, c. 3572, 34 St. at L. 539), "that where members of the tribe are in possession of more land than they are entitled to after first selection herein, said members shall have sixty days after the approval of this act to dispose of the improvements on said land to other members of the tribe," did not confer on persons, not members of the tribe, the right to dispose of the improvements.

(Syllabus by Rosser, C.)

Error from District Court, Osage County;
L. M. Poe, Judge.

Action by J. B. Clawson against C. B. Cottingham and Ida Cottingham. Judgment for defendants, and plaintiff brings error. Affirmed.

Boone & McDonald, for plaintiff in error.

T. J. Leahy, for defendants in error.

Opinion by ROSSER, C.   This was a suit by J. B. Clawson against C. B. Cottingham and Ida Cottingham to recover on two notes for the sum of $600 each, given for part of the purchase price of certain improvements in the Osage Nation. The notes were executed August 13, 1906, and were due respectively, December 1, 1906, and September 1, 1907. J. B. Clawson is a white man, and not a member of the Osage Tribe of Indians. He married a member of the tribe, who died before the notes were given, and by her was father of four children, members of the tribe entitled to a share of the tribal property. C. B. Cottingham is a white man, not a member of the Osage Tribe, but his wife and codefendant is a member of the tribe; and she and their two children are entitled to share in the property of the tribe.

The plaintiff was in possession of the land and improvements, for the purchase price of which the notes were given, and had been in possession for some years before the trade was made; and the defendant C. B. Cottingham had worked the farm as his tenant for several years. The defendant C. B. Cottingham had raised a corn crop on it the year he purchased it, and retained all the corn, including what plaintiff would have received as rent if Cottingham had paid rent, as he was accustomed to do. The land was filed upon and taken as an allotment by defendant Ida Cottingham and some of the children of defendants.

There was a verdict and judgment for the defendants, and plaintiff has appealed.

The court instructed the jury, in substance, that if the plaintiff had made improvements on the land sold, or caused them to be made, on behalf of his minor children, who were members of the Osage Tribe of Indians, and had sold the improvements and possessory right to the land on behalf of his minor children, they should find for the plaintiff. He also instructed the jury that the parents of minor children were the natural guardians of the children, and that if plaintiff entered upon the Osage reservation and reduced the land in question to possession, and had placed lasting and valuable improvements there for the benefit of his minor children, he had a right to sell the improvements and could recover, and that if the improvements were placed there for the use and benefit of any other person than his minor children he was a trespasser and had nothing to sell. He also instructed the jury that the notes imported consideration, and the burden was on the defendants to show that plaintiff was not entitled to recover. This statement of the law seems to be as favorable as the plaintiff was entitled to.

The plaintiff had no right to the possession of the lands, or to hold them for any purpose, except on behalf of his children and for their benefit. Section 2118, Rev. St. of the United States provides:

"That every person who makes a settlement on any lands belonging, secured or granted by treaty with the United States and any Indian tribe, who surveys or attempts to survey such lands, or to designate any of the boundaries by marking trees or otherwise, is liable to a penalty of one thousand dollars. The President may moreover take such measures to employ military force as (he) may judge necessary to remove any such person from the lands."

The jury found that plaintiff was not dealing with the lands on behalf of his minor children, and there is sufficient evidence to sustain their finding; and this court will treat the fact that he was acting in his own interest as established. *City of Wynnewood v. Cox,* 31 Okla. 563, 122 Pac. 528. While the plaintiff stated that he was representing himself and his children, still

a reading of his entire testimony shows that he considered the lands and moneys for the price of the land his own, as the following extracts from his examination will show:

"Q. What interest were you referring to for yourself? A. I had money I handled all the time. I had some interest in there, because I had some money in there. Q. It was your money that you were trying to get out of the place? A. No, sir; everything that is mine is part my children's. Q. Why didn't you take the notes in their name? A. Because I didn't want to. I have always done a straightforward business."

The fact that he took the notes in his own name, and brought suit upon them in his own name, is strong indication that he considered them his.

It has been decided several times that section 2118 prohibits any person, except a member of an Indian tribe, from holding or attempting to hold lands within the reservation of such tribe. See *Denton v. Capitol Townsite Co.*, 5 Ind. T. 396, 82 S. W. 852; *McLaughlin v. Ardmore Loan & Trust Co.*, 21 Okla. 173, 95 Pac. 779; *Combs v. Miller*, 24 Okla. 576, 103 Pac. 590.

It is contended that the defendants are estopped to deny the consideration of the notes sued on; but an estoppel cannot arise out of a transaction which is void as contrary to public policy. In this case the law prohibited the plaintiff from dealing with the land as he attempted to do; therefore the law will not create an estoppel in his favor. See *Mayes v. Cherokee Strip Live Stock Ass'n*, 58 Kan. 712, 51 Pac. 215; *Sheldon v. Donohoe*, 40 Kan. 346, 19 Pac. 901; *Swanger v. Mayberry*, 59 Cal. 91; *Light v. Conover*, 10 Okla. 732, 63 Pac. 966.

The plaintiff claims that section 2 of the act for the division of lands and funds of the Osage Nation in Oklahoma Territory, and for other purposes (34 St. at L. 839), gave him the right to sell the land. The provision upon which he relies is as follows:

"That where members of the tribe are in possession of more land than they are entitled to after first selection herein, said members shall have sixty days after the approval of this act to dispose of the improvements on said land to other members of the tribe."

This transaction took place within 60 days; but, as already stated, the plaintiff was not a member of the tribe, and, as found

by the jury, was selling the land for himself, and not for his children. He had no right to either hold or sell it for his own benefit. This being true, the provision relied upon does not apply, and he cannot recover.

The judgment should be affirmed.

By the Court: It is so ordered.