## FEDERAL TRUST CO. v. SPURLOCK.

No. 2036.    Opinion Filed September 17, 1912.

(126 Pac. 805.)

1. **APPEAL AND ERROR**—Review—Questions of Fact. A verdict reasonably supported by the evidence will not be disturbed.

2. **SAME**—Harmless Error—Exclusion of Evidence. Where the issue was whether the defendant, a director of the Guthrie Club, acted with the board of directors in entering into a contract, it was not reversible error for the court to exclude evidence that an attorney present at the time the contract was made advised that the board had the power to make the contract.

3. **BILLS AND NOTES**—Actions—Instructions. A contract entered into between a railroad company and the Guthrie Club, acting for the makers of certain nonnegotiable bonus notes given to

procure the building of a railroad to the city of Guthrie, provided for the delivery of the bonus notes to the company, and provided that the club would procure the passage of such ordinances by the city council as were necessary to the building and operation of the road, in consideration of all of which the company agreed to build the road within eighteen months. In a suit on one of the notes by an assignee, the court refused to instruct the jury that, in order for the defendant to claim the benefit of the contract, he must have been personally bound to cause the enactment by the city council of such ordinances as might have been found necessary. **Held**, not error.

4. **RAILROADS—Officers—Notice.** Notice to the general manager of a railroad company is notice to the company.

(Syllabus by Rosser, C.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by the Federal Trust Company against W. M. Spurlock. Judgment for defendant, and plaintiff brings error. Affirmed.

*A. C. Dustin* and *Dale, Bierer & Hegler,* for plaintiff in error.

*Devereux & Hildreth* and *C. G. Hornor,* for defendant in error.

Opinion by ROSSER, C. This is a companion case to *Federal Trust Co. v. Coyle, ante,* 126 Pac. 800, and the facts of the two cases are almost identical. The principal difference in the facts is that Spurlock, the defendant in the present case, was a director in the Guthrie Club. It was contended that as such director he was a party to the renewal contract of March 16, 1903, and that as to him said contract was binding. There was a conflict in the evidence as to whether or not he consented to the extension. He testified that he did not consent, and was supported by other witnesses. The jury found that he did not consent, and the verdict should not be disturbed.

It is contended that the court erred in excluding evidence as to what efforts were made and expenses incurred by the railroad company in complying with the contract of March 16, 1903. This evidence was not material under the issue concerning that contract. With reference to that contract the issue was as to

whether Spurlock was a party or consented. The court instructed the jury that if Spurlock authorized, consented to, or ratified the contract of March 16, 1903, they should find for the plaintiff. The question of want or failure of consideration was not in the case. Mr. Dustin testified on behalf of the plaintiff that a question was raised regarding the right of the board of directors to bind the club, and the number of directors necessary to constitute a quorum, that the record book of the club was sent for, and that, after reading the regulations of the corporation, he or Judge Dale stated that the board had the right to act. He further testified that this was the only question that came up with regard to the authority of the board. The court sustained a motion to strike out all that portion of the answer with reference to the board having the right to act. This is assigned as error. All the evidence as to what occurred at the time the contract of March 16, 1903, was made was admissible. But the opinion expressed as to the legality of the action of the board was not so material as to make its exclusion reversible error. It bore very slightly, if at all, upon the question of whether the defendant was a party to the extension, and the case should not be reversed because it was stricken out.

Plaintiff assigns as error the refusal of the court to instruct that in order for defendant to claim the benefit of the contract of February 20, 1902, he must have been personally bound to cause the passage and enactment by the city council of Guthrie of such ordinances as might have been found necessary for the construction and operation of the railroad in the city of Guthrie. This was not error. The railroad company well knew the extent to which this part of the agreement was binding. It was written to bind the members of the club morally. The company never expected to try to hold any one personally. The company did receive the notes under the terms of the contract, and, having received the notes, it was its duty to carry out the provisions of the contract binding on it, or to return the notes. It could not rely on the invalid or unenforceable character of certain provisions of the contract in order to prevent the defendant

from obtaining the benefit of the valid and enforceable provisions.

Plaintiff requested the court to instruct the jury not to consider the testimony as to the presence of Mr. Mahoney or Mr. Bond, or both, at the opera house meeting on January 24, 1902, when the club was instructed to enter into the contract with the company, for the reason that there was no evidence that either of them represented the company in such a capacity as to make notice to them notice to the company. The court refused to give the instruction, and his refusal is assigned as error. No authorities are cited supporting this contention. The evidence showed that Mr. Bond was the chief engineer, and that Mr. Mahoney was the general manager. It would be hard to get notice to a railroad company if notice to the general manager is not notice. It should not be necessary to cite authority to show that the knowledge of these high officials was the knowledge of the company. See 10 Cyc. 924 *et seq.* There was no error in refusing the instruction.

Finding no material error in the record, the judgment should be affirmed.

By the Court: It is so ordered.