## WHITE v. PUTNAM *et al.*

No. 2869. Opinion Filed August 6, 1913.

(134 Pac. 406.)

APPEAL AND ERROR—Review—Sufficiency of Evidence. Where there is any evidence in the record reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal. (Syllabus by Robertson, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by George Putnam and A. D. Putnam, doing business as Putnam Bros., against G. E. White. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Swigert & Wedgewood,* for plaintiff in error.

*Sturgis & Manatt,* for defendants in error.

Opinion by ROBERTSON, C. This action was originally commenced in the justice of the peace court of Garfield county,

by the defendants in error, who will hereinafter be called plaintiffs, against the plaintiff in error, who will hereinafter be designated as defendant. In the bill of particulars it was alleged, in substance, that on or about the 4th day of June, 1910, plaintiffs, as real estate agents, brought together the defendant and one R. W. Kamping, and were the moving cause of the making and entering into, by the said defendant and the said Kamping, of a certain written contract whereby the defendant exchanged certain real estate in Garfield county, Okla., which he owned, for certain real estate which the said Kamping owned in said county; the value of the property, formerly owned by the defendant and transferred by the defendant to the said Kamping, was of the value of $8,000; that the said services were rendered by virtue of an oral contract of listing between the defendant and plaintiffs, whereby defendant listed with plaintiff said real estate, so exchanged and transferred by him to the said Kamping, for sale or exchange at the price of $8,000; that by reason of the said services, they were entitled to receive from defendant the sum of $200 commission earned by them as such real estate agents, and that they have demanded payment thereof, which has been refused. No answer was filed to this bill of particulars. Judgment in the justice court was for the plaintiffs in the sum of $162.50 and, on appeal to the superior court, where it was again tried to a jury, a verdict for the same amount was again returned. Motion for a new trial was filed, considered, overruled, and the defendant brings error to reverse said judgment.

It is urged in the brief of the defendant that plaintiffs did not allege in their bill of particulars, nor did they prove at the trial of the case, that there was a custom or usage among real estate brokers in that locality by which they were entitled to charge such commission as was recovered in this action; nor did they allege in the bill of particulars, nor did they prove at the trial, in the manner required by law, that their services to the defendant were worth the sum of $200, or any sum whatever, and did not prove at the trial that the defendant ever assented that they might act as his agent in selling, or trading, his

property to the said Kamping (for whom they were also agents), for the property they were seeking to trade him, and that therefore said bill of particulars, not containing the foregoing allegations, states no cause of action, and could not be the basis of a valid judgment; the insufficiency of the bill of particulars was challenged by a demurrer, as well as by objection to the introduction of testimony. From a consideration of the foregoing contentions of defendant, it is apparent that the alleged errors can be treated under one head as a single proposition.

Defendant urges that there was no express contract between the parties fixing the rate, or amount, of commission in case a trade should be effected. In the original bill of particulars there was no allegation of any contract of agency whatever, but, on objection to the introduction of evidence thereunder, in the superior court, plaintiffs were permitted to and did amend the same by charging an oral contract of agency. Defendant still insists, however, that the bill of particulars, after having been thus amended being barren of an allegation of contract, or agreement, express or implied, as to the amount of compensation to which plaintiffs would be entitled in case a trade was effected, did not state a cause of action; that in order to ascertain the value of their services under the allegations of the bill of particulars, it would be necessary to introduce evidence as to the reasonable or customary charges for similar services in the same neighborhood, and that such method of ascertaining the value of services, in a case where the agents were charging a commission to both buyer and seller, is not reasonable, or consistent with good morals or sound public policy, and that therefore such claim could not be enforced in a court of law. This contention is untenable. There is in fact but one question in this case, and that is whether or not the defendant listed with the plaintiffs the real estate described in the bill of particulars, and which was traded to Kamping. If the defendant did list his property, and if, as is contended by the plaintiffs, he agreed in said contract of listing to pay them a commission for their services, it was competent to permit the introduction of testimony tending

to show the reasonable or customary value of such, and similar services, in the community, in order to ascertain the amount due. These are purely questions of fact, and were for the determination of the jury. The record discloses that the defendant knew —leastwise there is evidence in the record tending to show that he knew—that plaintiffs were acting as agent for both parties in the matter of the exchange of the real estate, and if this fact was ascertained and determined by the jury, then the defendant could not escape payment of a commission by reason of the dual capacity of the agents.

It is a well-established rule, recognized by this court, that a real estate agent cannot collect commission from both buyer and seller unless his dual capacity is known by both parties and their assent given thereto. In fact it has been held (*Skirvin v. Gardner,* 36 Okla. 613, 129 Pac. 729) that a petition for the recovery of commission for the sale of real estate, which on its face shows that the plaintiff, a real estate agent, was to receive a commission from both purchaser and seller, to be good against a general demurrer, must contain the allegation that such relationship was known by both parties, and that they both assented thereto. But this case does not come within that rule. Here there is no allegation in the petition that the agent was acting for both parties; no objection to the pleading was had on that account; no answer of any kind was filed to the bill of particulars, and it was developed, so far as the court is concerned, only in the trial of the case that the plaintiffs were acting for both the purchaser and the seller. The plaintiffs contend that the defendant was advised and knew of the relationship, and knew that plaintiffs were acting for him. The defendant denied this by his testimony. This conflicting testimony on a material point was properly referred to the jury, along with the other questions of fact in the case, and the jury found by its general verdict that the plaintiffs were in fact representing both parties in the trade, and found also as a fact that this relationship was known by both the purchaser and the seller, and that they both assented to such conduct. This being true, it was proper to admit in evi-

dence testimony showing what the reasonable value of such services were worth. Such was done, and the jury from the facts before it properly found the amount returned by their verdict.

Aside from this evidence there is positive testimony in the record to the effect that Geo. H. Putnam, one of the plaintiffs, and the defendant made and entered into an oral contract of listing, in which the defendant agreed to pay as commission for such sale 5 per cent. on the first $1,000 and 2½ per cent. on the balance of the sale price of his property in case a sale was made. This testimony is found on pages 12, 13, and 14, of the case-made. It was denied by the defendant, but the jury evidently believed Putnam's story, and found in accordance with that theory of the case; hence it is unnecessary for us to discuss the question raised in the brief of defendant relating to the question as to whether or not evidence tending to show a custom as to charges for similar services, or the reasonable value of the services rendered, was contrary to public policy, and therefore inadmissible, as that question is not in this case on account of the finding of the jury on the conflicting evidence above alluded to. Thus it is seen that there was an oral contract of listing, made and entered into by and between the parties to this action, in which the value of the services was fixed; the jury found that plaintiffs effected the sale in accordance with the terms of said oral contract, and that they were entitled to a commission in accordance with its terms in the sum of $162.50. These being purely questions of fact, and properly submitted to the jury by the court under proper instructions, and the verdict being binding, not only upon the lower, but also upon this, court, as has been frequently said, where there is any evidence in the record tending reasonably to support the verdict the same will not be disturbed on appeal. *Yukon M. & G. Co. v. Imperial Roller Mills,* 34 Okla. 817, 127 Pac. 422; *Federal Trust Co. v. Spurlock,* 34 Okla. 644, 126 Pac. 805; *Clawson v. Cottingham,* 34 Okla. 493, 125 Pac. 1114; *Brissey v. Trotter,* 34 Okla. 445, 125 Pac. 1119; *Enid City Ry. Co. v. Reynolds,* 34 Okla. 405, 126 Pac. 193; *Bank v. Martin,* 33 Okla. 319, 125 Pac. 724; *Creek Bank & Trust Co. v. Johnson,* 33 Okla. 696, 127 Pac. 480; *McMaster v. City Nat. Bank,* 23

Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831; *Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052; *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697.

The judgment should therefore be affirmed.

By the Court: It is so ordered.