## CHICAGO, R. I. & P. RY. CO. v. NEWBURN.

No. 2920.   Opinion Filed August 6, 1913.

· Rehearing Denied November 18, 1913.       ·

(136 Pac. 174.)

1. **APPEAL AND ERROR—Verdict—Evidence.** Where there is any evidence in the record reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

2. **SAME.** In order to determine whether there is any evidence in the record reasonably tending to support the verdict, it is the duty of the court to treat all the evidence offered by plaintiff as true and treat all the evidence offered by the defendant in conflict as having been rejected, and when all the evidence supporting the verdict, taken together and given all the presumptions and deductions of which it is reasonably susceptible, is sufficient, the verdict will be allowed to stand, notwithstanding the countervailing evidence in the record would have been sufficient to sustain a verdict · for the other party.

3. **PRINCIPAL AND AGENT—Agency—Ratification—Liability of Principal.** One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own with all its burdens, as well as all its benefits.

4. **TRIAL—Instruction—Cure of Error.** Where an instruction given may misstate the law, yet if, when taken with the other instructions, it is apparent that the jury were not misled, it will not constitute reversible error.

5. **APPEAL AND ERROR—Harmless Error.** The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

6. **SAME—Instruction.** Instructions examined, and held open to criticism, but not sufficient to warrant reversal of judgment.

(Syllabus by Robertson, C.)

*Error from District Court, Le Flore County;*
*John H. Pitchford, Judge.*

Action by Geary L. Newburn against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 27 Okla. 9, 110 Pac. 1065, 30 L. R. A. (N. S.) 432.

C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore, and J. L. Hale, for plaintiff in error.

T. T. Varner, for defendant in error.

Opinion by ROBERTSON, C. This action was originally begun in the United States Court for the Central District of the Indian Territory, sitting at Poteau on April 8, 1907, by Geary L. Newburn against the Chicago, Rock Island & Pacific Railway Company, to recover damages alleged to have been received by plaintiff by reason of having been unlawfully ejected from one of the defendant's passenger trains on the night of December 13, 1906, at a point between McAlester and Haileyville. Plaintiff alleged in his complaint that on the date last above named he purchased, from the agent of the St. Louis & San Francisco Railroad Company, at Poteau, Ind. T. (who was authorized by defendant to sell the same), a round trip ticket from Poteau to McAlester, and on said day used the going part of said ticket to pay his fare between said points; that on the evening of said day he took passage on one of defendant's regular east-bound passenger trains expecting to return home; that said train was late and behind its regular schedule time; that it did not leave McAlester until after 11 o'clock p. m.; that after he had so taken passage on said train he tendered to the auditor the return part of the ticket, purchased at Poteau as aforesaid, as fare for his passage on said train; that said auditor refused to accept said ticket and demanded that he should pay money in lieu thereof; that he did not have sufficient funds to pay his fare and had no means then and there of getting the same, and was therefore unable to pay the same, but insisted that he had a right to be carried on said ticket; that on his failure to pay his fare, as required by the auditor, he was, by the servants and agents of said defendant, forcibly and violently

ejected from said train at a place between Alderson and Hailey-ville, at a spot remote from any habitation, in a strange country, at or near midnight; that it was dark, cloudy, and windy; that he was compelled to walk from said point where he was ejected to Haileyville, a distance of six miles, before he could find rest or shelter; that on account of the exposure thus occasioned, his ailments, viz., varicose veins and rheumatism, were greatly aggravated and he was made sick and confined to his room a long time and otherwise damaged to the extent of $2,000. Defendant filed an answer, and the cause was tried on January 2, 1908, to a jury and resulted in a verdict in favor of plaintiff in the full amount prayed for. The cause was appealed to the Supreme Court, where it was reversed (27 Okla. 9, 110 Pac. 1065, 30 L. R. A. [N. S.] 432) and remanded for a new trial. The second trial was had on April 17, 1911, and again resulted in a verdict for plaintiff in the sum of $2,000, and defendant again brings error.

Since the rendition of judgment in the lower court the plaintiff has died, and on June 29, 1911, after the appeal had been filed in this court, and within the time allowed by statute, the cause was revived and proceeds now as the Chicago, Rock Island & Pacific Railway Company, plaintiff in error, against T. T. Varner, administrator of the estate of Geary L. Newburn, deceased.

The only assignment of error in the petition in error is that the trial court erred in overruling its motion for a new trial. Under this assignment is grouped the following specifications, viz.: (1) The verdict of the jury is not sustained by the evidence. (2) The verdict of the jury is contrary to the evidence. (3) The court erred in giving instruction No. 2 to the jury. (4) The court erred in giving instruction No. 5 to the jury.

We will consider the first and second specifications together.

Plaintiff in error, in presenting the propositions embraced in these specifications in its brief, among other things, says:

"We confidently assert that an examination of the evidence must convince an impartial mind that the plaintiff was not ejected

from the defendant's train on the night in question. Plaintiff's case, from beginning to end, bears all the earmarks of a fabrication."

This is the burden of the argument in support of these assignments of error. No attempt is made to cite an authority that will warrant an interference ,with the verdict of the jury other than the argument that plaintiff's story is unworthy of belief. That there is testimony in the record tending to establish the allegations of plaintiff's petition is not denied. There was an irreconcilable conflict between the testimony offered by plaintiff and that offered by defendants, and, measured by the well-established rule of this court, we are not at liberty to weigh the evidence in order to ascertain where the preponderance lies; but where there is any evidence in the record tending reasonably to support the verdict, the same will not be disturbed on appeal, and, in order to determine whether there is any evidence in the record reasonably tending to support the verdict, when challenged in this manner on appeal, it becomes our duty to treat all the evidence offered by plaintiff as true and to regard all the evidence offered by defendant, in conflict, as having been rejected, and when all the evidence supporting the verdict, taken together and given all the presumptions and deductions of which it is reasonably susceptible, is sufficient, the verdict will be allowed to stand notwithstanding the countervailing evidence in the record would have been sufficient, under the rule, to have sustained a verdict for the other party. In other words, it was the exclusive province of the jury to weigh the evidence and to judge of the credibility of the witnesses, taking into consideration their knowledge of the matters and things testified about; their appearance and demeanor on the witness stand; their interest or lack of interest, their bias and prejudice, if any; and all other matters and things which would bear directly, or indirectly, upon the issues under consideration. At the oral argument counsel for plaintiff in error did not urge these specifications, and, as said above, under the rule frequently enunciated and followed by this court, we do not feel authorized in weighing the evidence in order to determine whether or not a

different result could have been reached by the jury. There is evidence in the record reasonably tending to support the verdict and that is sufficient for the purpose of this investigation. *Yukon M. & G. Co. v. Imperial Roller Mills,* 34 Okla. 817, 127 Pac. 422; *Federal Trust Co. v. Spurlock,* 34 Okla. 644, 126 Pac. 805; *Clawson v. Cottingham,* 34 Okla. 493, 125 Pac. 1114; *Brissey v. Trotter,* 34 Okla. 445, 125 Pac. 1119; *Enid City Ry. Co. v. Reynolds,* 32 Okla. 405, 126 Pac. 193; *Bank v. Martin,* 33 Okla. 319, 125 Pac. 724; *Creek Bank & Trust Co. v. Johnson,* 33 Okla. 696, 127 Pac. 480; *McMaster v. City Nat. Bank,* 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831; *Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052; *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697.

The next assignment presents the alleged error of the trial court in giving to the jury instruction No. 2, which reads as follows:

"The burden of proof in this case is on the plaintiff to establish that he was a passenger on defendant's train on the day and date mentioned in his complaint, that he was entitled to passage thereon, and that he was forcibly ejected therefrom; and if you find from the preponderance of the evidence that the plaintiff purchased the ticket introduced in evidence from the agent of the St. Louis & San Francisco Railroad Company at Poteau, and that said ticket was honored by the defendant on its train going from Wister to McAlester, then the remaining portion of said ticket did entitle the plaintiff to be carried as a passenger back from McAlester to Wister. And if you find that while the plaintiff had the remaining portion of said ticket, and that he tendered the same to the conductor or auditor of the defendant's train, and having tendered said ticket was ejected from said train, then your verdict must be for the plaintiff."

Plaintiff in error insists that this instruction is erroneous, in that it bases plaintiff's right to ride upon the ticket between McAlester and Wister upon the fact that he had been permitted to ride upon it between Wister and McAlester, and that before the jury would be authorized to find that plaintiff was entitled to ride upon the train upon the presentation of the ticket they must find, not that it had already been honored on defendant's line, but that its issuance by the St. Louis & San Francisco Rail-

road Company was authorized by defendant, and that it was a ticket authorizing the holder to ride between the points named, and, further, that said instruction overlooks the necessity of showing authority of the issuing office on another line, as well also as the right of plaintiff to use the ticket between the stations named.

The court in another instruction told the jury that plaintiff must prove by competent evidence that he purchased the ticket from the agent of the issuing line, and that, if it was honored by defendant on its train from Wister to McAlester, the remaining part or portion of said ticket did entitle plaintiff to be carried as a passenger from McAlester to Wister. The ticket in question was introduced in evidence, and the instruction objected to referred to the ticket as introduced in evidence. The record discloses from the evidence of Walter Price (Case-made, p. 38), the station agent at Poteau, for the Frisco Railroad, that he sold the identical ticket to plaintiff for the defendant company; that it was his duty and the custom of his office to sell tickets over the defendant's line such as the one offered in evidence. Plaintiff testified that he purchased the ticket from the agent of the Frisco at Poteau; that he used the going part as fare for passage to McAlester and no question was raised concerning its validity. All this evidence was undisputed and uncontradicted. The ticket itself showed it to be one issued by the Frisco Railroad over the lines of the Chicago, Rock Island & Pacific Railway Company, and that it was good for one first-class passage between Poteau and McAlester and return. This assignment is practically waived by plaintiff in error in its brief, as no argument to speak of is made in support thereof, and not a single citation of authority to sustain the proposition is given. There was ample testimony to warrant the court in giving this instruction and to conclude, as a matter of law, that the relation of agency existed between the railroads in the matter of the selling of said tiekct.

Even though there was no direct testimony on the subject, yet the acts of defendant, under the pleadings and the proof, were such as to warrant the giving of this instruction on the

ground of ratification alone, and it will not be heard to disclaim responsibility on this ground when the record indisputably shows that the benefits of the contract of sale, made by the Frisco agent, who, according to the record, was authorized to and did sell the ticket, were voluntarily accepted by the defendant company.

"One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own, with all its burdens, as well as all its benefits." (*U. S. Fid. & G. Co. v. Shirk,* 20 Okla. 576, 95 Pac. 218.)

The fourth assignment of error is the giving of instruction No. 5, which reads as follows:

"You are instructed that you are to consider all the testimony in the case bearing on the issues of fact submitted to you, to reconcile any and all apparently conflicting statements of the witnesses, and, if practicable, to deduce from the evidence any theory of the case which will harmonize the testimony of all the witnesses, and it is your duty to adopt that theory, than one which would require you to reject any testimony as intentionally false."

It is insisted that by this instruction the court invaded the province of the jury by telling them to adopt any theory of the case which will harmonize the testimony of all the witnesses, instead of telling them that it was their duty to examine and weigh the testimony and to accept such as is true and reject such as is false. If such is the effect of this instruction, it is erroneous; but from a careful reading of the same we cannot agree with the conclusion reached by counsel.

This identical instruction was taken from Brickwood's Sackett on Instructions, vol. 1, sec. 330, where it is given as an approved form, and cites *H. Hirschberg O. Co. v. Michaelson,* 1 Neb. (Unof.) 141, 95 N. W. 461. The court in that case, in considering a similar objection to this instruction, said:

"It would have been better, perhaps, to have said to the jury that they should adopt any *probable or reasonable* theory that would harmonize the evidence, rather than to state it in the absolute and unqualified form used by the court; but we cannot think that the jury was misled by the instruction as given or that reversible error can be predicated thereon."

In *Price v. State,* 114 Ga. 855, 40 S. E. 1015, the court, in discussing a similar instruction, said:

"It is not error to charge that 'it is the duty of the jury to reconcile the testimony of the witness  *  *  *  so as to impute perjury to no witness,' where the context shows that the charge means that the jury should do so if they can."

We cannot say, reading this instruction with the balance of the charge, that it is wholly erroneous; the most that can be said against it is that it is inaccurate; but its inaccuracy is such that it could not, under the facts of the case, have mislead the jury, and hence is not ground for reversal. *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253; *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791.

The verdict of a jury should not be reversed for misdirections in the law unless it appears that the jury might have been mislead thereby. *Oklahoma City v. Meyers,* 4 Okla. 686, 46 Pac. 552.

"And where an instruction given may misstate the law, yet if, when taken with the other instructions, it is apparent that the jury were not mislead, it will not constitute reversible error." (*Snyder v. Stribling,* 18 Okla. 168, 89 Pac. 222.)

We have read the cases cited by counsel for plaintiff in error in support of their theory, but do not think they support the view presented. In the case at bar there was no possible chance for the jury to reconcile the conflicting testimony of the various witnesses. One side was right, while the other side of the controversy as presented by the opposing party must of necessity have been wrong. Newburn was, or he was not, ejected from defendant's train on the night in question. This is the principal fact in the case, and the jury were required to determine, from the evidence, whether he was, or was not, ejected as charged in his petition. He testified positively that he was, and offered the return part of the ticket in evidence as corroborative of, and part of, his story. The witnesses for the defendant company with equal directness testified that he was not ejected at all. Thus it is clearly evident that it was *not practicable* for the jury to reconcile the conflicting stories of the various witnesses, and the jury did not try to do so, because such course

was not only not practicable, but absolutely impossible; but they weighed all the evidence, according to the rule given them by the trial court, and decided in favor of plaintiff, as under the evidence they were warranted in doing. This instruction, while not a model to be followed by trial courts, is not susceptible of the criticism offered.

It was the duty of the jury to reconcile any and all apparently conflicting statements of witnesses, and it was likewise their duty to deduce from the evidence "if practicable" some (any) theory of the case which would harmonize the testimony of all the witnesses, and it was their further duty to adopt that (some) theory (if such a one there was) that would produce such result, rather than to adopt one that would require them to reject testimony as wilfully false. To our mind, it is clearly apparent that no prejudicial error was committed in giving this instruction, when we read it in connection with the others given, especially the fourth, which immediately preceded this one in the general charge, and which tells the jury that they are the "sole judges of the credibility of the witnesses and of the weight to be given to their testimony. You may take into consideration their interest, bias, or prejudice, if any; their relationship to the parties and to the case, if any; the probability or improbability of the story related by them; and any and all of the facts and circumstances in evidence which, in your judgment, would add to or detract from their credibility or the weight of their testimony."

We are convinced, from a careful reading of the record, that the jury, under the facts submitted, was warranted in its conclusion, and while the instruction complained of may be, and is in fact, open to slight criticism, yet, under the recognized rule that "the court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect" (Rev. Laws 1910, sec. 4791), we do not feel warranted in interfering with this judgment. No complaint is made that the judgment is excessive; therefore we are not at liberty to consider that phase of the controversy. It seems

that the defendant company was content to and did rely solely upon the theory that plaintiff was not ejected from its train as charged in his petition. This theory was repudiated by the verdict of the jury, and, as stated hereinabove, with that finding we can find no fault, and the judgment should be affirmed.

By the Court: It is so ordered.