## MILLER v. HAIR *et al.*

No. 6348.   Opinion Filed January 11, 1916.

Rehearing Denied ·February 15, 1916.

(154 Pac. 1002.)

1. **CONTRACTS—Building Contract—Compensation of Superintendent—Amount—Public Buildings.** Where a firm of architects were employed by a county to make drawings, etc., of a courthouse and jail being constructed by the county, and in the contract it is specified that the county shall employ a superintendent, who shall be paid out of the compensation of the architects, but the contract leaves the amount of his compensation blank, held, that, in the absence of a contract with him fixing his compensation, he was entitled to recover a reasonable sum for his services.

2. **SAME.** In such case it is not material that the architects agreed with the county commissioners that the compensation should not exceed $75 per month, when this was not communicated to the plaintiff, the contract on file with the commissioners left the salary blank, and for some months the commissioners paid him at a higher rate.

(Syllabus by Devereux, C.) ·

*Error from County Court, Osage County;*
*Chas. R. Gray, Judge.*

Action by J. L. Miller against C. E. Hair and another, copartners as C. E. Hair & Co.   Judgment for defendants, and plaintiff brings error.   Reversed, and remanded for a new trial.

This action was commenced by the plaintiff in error against the defendants in error to recover a balance alleged to be due him as superintendent in the construction of the courthouse and jail in Osage county.   It appears that the defendants in error were architects employed by the county to furnish prelimi-

nary sketches, contract, working drawings, specifications, detailed drawings, and general superintendence of the building operations of such courthouse and jail. The contract further provided that, when the buildings had progressed to the extent to justify daily superintendence, the county should select a superintendent, who should be paid by the architects, the compensation not to exceed $—— per month, as expressed in the contract on file in the office of the commissioners. Acting under this contract the county employed the plaintiff in error as superintendent, but made no contract with him as regards his compensation, and paid for a part of the time at the rate of $5 per day. A jury being waived, the court made the following findings of fact and conclusions of law:

"(1). The court declares the law to be that oral testimony was admissible in this case to show what the contract was between C. E. Hair & Co. and the county commissioners of Osage County, as to the amount of salary that the superintendent should receive.

"(2). The court finds the fact to be that the agreement between C. E. Hair & Co. and the board of county commissioners was that the board of county commissioners were to employ a superintendent at a salary of not to exceed $75 per month, and the court finds that C. E. Hair & Co. did not ratify or acquiesce in the board of county commissioners paying J. L. Miller a greater sum than $75 per month.

"(3). The court declares the law to be that J. L. Miller could not recover from C. E. Hair & Co. a greater sum than $75, as provided in the contract between C. E. Hair & Co. and the board of county commissioners, unless C. E. Hair & Co. acquiesced in or ratified the paying to J. L. Miller a greater sum than $75 per month.

"(4). The court finds that the evidence does not show that the plaintiff, J. L. Miller, had any knowledge or information of the contract between C. E. Hair & Co. and the board of county commissioners, whereby the board of county commissioners was not to pay the superintendent a greater sum than $75 per month.

"(5) The court finds that C. E. Hair & Co. recognized J. L. Miller as superintendent up to and including January 6, 1913."

There was judgment for the defendants, and the plaintiff brings the case to this court by petition in error and case-made.

*Horsley, Peters & Walton,* for plaintiff in error.

*Templeton & Tillman,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The governing question in this case is whether the defendants in error are bound by the action of the county in paying the plaintiff in error more than $75 per month for his services as superintendent.

It appears from the findings of the court that the county did pay more than $75, and that, although the defendants limited the county to $75 per month, yet the plaintiff had no knowledge or notice of this agreement, and that the defendants received the benefit of his services, while he was acting under the belief that he was to be paid at the rate of $5 per day. By the contract with the county, authorizing them to hire a superintendent to be paid out of the money agreed to be paid by the county to the architects, the defendants constituted the county its agent to hire the plaintiff, and as his compensation was left blank in the

contract on file with the county, and the only one to which the plaintiff had access, there was nothing to put him on notice that any specified sum had been agreed to as his pay. Under the facts of this case it was the duty of the defendants to have ascertained what compenastion the county had agreed to pay the plaintiff, and having failed to do so, and plaintiff having performed his part of the agreement, they cannot now complain. *U. S. Fidelity & Guaranty Co. v. Shirk,* 20 Okla. 576, 95 Pac. 218; *Midland Savings & Loan Co. v. Sutton,* 30 Okla. 448, 120 Pac. 1007; *First State Bank of Keota v. Bridges,* 30 Okla. 355, 135 Pac. 378; *C., R. I. & P. R. Co. v. Newburn,* 39 Okla. 704, 136 Pac. 174; *J. I. Case Threshing Machine Co. v. Lyons & Co.,* 40 Okla. 356, 138 Pac. 167. The compensation of the plaintiff being left blank in the contract, and no agreed sum fixed by the county, he is entitled to recover the reasonable value of his services.

We therefore recommend that the judgment be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.