### ROUSH v. CRAWFORD.

No. 21987.   March 20, 1934.

I. C. Saunders, for plaintiff in error.

E. D. Reasor, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

This is an action by L. Crawford against Mary A. Roush for the recovery of $1,270.58, alleged by plaintiff to be due him from defendant by reason of having performed his contract, and by reason of having performed extra labor and having furnished extra material in connection with a written contract to remodel and reconstruct a house belonging to defendant at an agreed price of $2,566.

Plaintiff alleges that he performed every condition of his contract, and in addition thereto performed extra labor and furnished extra material in the sum of $1,175, and that the total amount due plaintiff under his written and oral contracts with defendant was $3,741.60, of which amount $2,471.02 has been paid by defendant, leaving a balance due plaintiff of $1,270.58.

Defendant answers the petition of plaintiff by way of general denial, however, admitting the execution of the written contract, but alleges that plaintiff breached and abandoned same, and refused to carry out the terms of said contract. Defendant further answering, by way of cross-petition, alleges that plaintiff entered upon the performance of his contract and was paid $2,471.02, and then abandoned said work, and defendant was forced to and did employ contractors, carpenters, and mechanics to complete said work, whereby she was forced to expend the sum of $3,278.10 for material and labor to complete said house, and that by reason of the breach of said contract by plaintiff, she was damaged in the sum of $3,278.10, for which sum defendant prays judgment.

Plaintiff replies to the cross-petition of defendant by way of general denial.

The case was tried before a jury and resulted in a verdict for $500 for plaintiff. Judgment was entered on the verdict. Motion for new trial was overruled, and defendant has appealed to this court.

Defendant contends:

1. That the petition of plaintiff fails to state a cause of action.

2. There is no competent evidence to sustain the verdict.

On the first ground, the petition was challenged by a general demurrer, which was overruled and excepted to, and later by objection to the introduction of any evidence, on the ground that petition fails to state a cause of action, which was overruled and excepted to.

Defendant contends that no contract is alleged to pay for the extra material and labor which petition alleges was furnished. However, the petition contains this allegation:

"Defendant employed this plaintiff to perform extra labor and furnish extra material, which labor and material amounted to $1,175.60, and itemized statement of said labor and material and hereto attached marked exhibit 'B' and made a part hereof. * * * That said extra labor and material, amounting to $1,175.60, was also done and furnished by plaintiff for said defendant according to his contract."

The exhibit for the extra labor and material does not appear to have been attached. However, the pleading was not attacked, as no motion was ever directed to it. The demurrer did not reach it.

In the case of Incorporated Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 P. 22, it was held:

"The failure of the plaintiff to attach to his petition a copy of the written instrument upon which his cause of action is founded cannot be reached by demurrer, but should be challenged by motion where the petition is defective on that account."

Section 198, O. S. 1931, provides what the petition must contain.

The petition in this case appears to contain all essential requirements of the law. At least, defendant fails to point out wherein it is defective.

The second ground urged for reversal by defendant, that there is no competent evidence to sustain the verdict, is not borne out by the record. The testimony of plaintiff is that he was out better than $1,000 for labor and material on account of extras. In Clawson v. Cottingham, 34 Okla. 493, 125 P. 1114, this court held:

"Where a jury decides an issue of fact under proper instructions, their verdict will not be disturbed on appeal if the evidence tends reasonably to support it; and the facts as found by them will be treated on appeal as true, though controverted by the opposite party."

This same principle of law has been repeatedly followed by this court.

There is a contention made in this case that plaintiff abandoned his contract, and that defendant was out considerable expense in having it completed. This issue was submitted to the jury under appropriate instructions, and was determined in favor of the plaintiff.

The Supreme Court acknowledges the aid of District Judge F. Hiner Dale, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.