## BILLINGS et al. v. PORTERFIELD.

No. 9584—Opinion Filed April 26, 1921.

(Syllabus.)

1. **Appeal and Error—Verdict—Conclusiveness—Conversion—Sale by Bailees—Action by Owner.**

When property has been placed in the possession of one of two defendants under a contract of bailment and the custody has been shifted by the original bailee to another, who is the other defendant, and a purported sale is made to satisfy storage fees by authority of last custodian, but sale is not made as by law provided and first bailee bids property in at sale, and in suit for conversion of property by owner thereof a question arises as to who is guilty of the conversion, whether first bailee or the second bailee or both, and the question is submitted to the jury under proper instructions, and the jury returns a verdict against both defendants, held, on appeal to the Supreme Court, that it is not an unreasonable inference to find the guilt of both, and that the verdict of the jury, finding both liable, is conclusive on the appellate court, and will not be disturbed.

2. **Same—Question of Plaintiff's Ownership.**

In a suit for conversion of personal property, the question is raised as to the plaintiff's ownership of the property, and the record discloses that the party who was the immediate prior owner testified he had sold the property to the plaintiff, but the evidence discloses that the witness so testifying had seen after and cared for the property in the absence of the plaintiff, and some other circumstances were developed tending to show the sale was not an actual one—but the question of the ownership was submitted to the jury under proper instructions by the court and it found against the defendants

and in favor of the plaintiff. Held, on appeal verdict will not be disturbed.

3. **Appeal and Error—Review—Sufficiency of Evidence.**

When all the material issues in a law cause are presented to the jury by proper instructions, and the evidence, though conflicting, reasonably sustains the verdict, held, that it is not necessary for the Supreme Court to go further and examine the record to see upon which side is the greater weight of the evidence.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by William A. Porterfield against J. W. Billings and another for conversion. Judgment for plaintiff, and defendants bring error. Affirmed.

Warren K. Snyder, for plaintiffs in error.
Chas. West, for plaintiff in error J. W. Billings.

Chas. H. Garner, for defendant in error.

ELTING, J. This suit was instituted in the district court in and for Oklahoma county, Oklahoma, by Wm. A. Porterfield, plaintiff, against J. W. Billings and O. B. Kee, defendants. Petition filed June 15, 1916; trial had before the Hon. John W. Hayson, Judge. Cause tried by a jury and verdict rendered November 22, 1916, in the sum of $300 in favor of the plaintiff against the defendants.

This suit was filed for the recovery of the value of certain personal property, described in the petition, alleged to be of the value of $1,500. The ground of recovery was conversion of the property by the defendants under an illegal and void sale of said property for rents due to storage of said property, which the plaintiff had stored with J. W. Billings; said storage being made in pursuance of the following contract, signed by Wm. A. Porterfield and J. W. Billings, one of the defendants:

"This agreement made and entered into this 15th day of January, 1914, between Wm. A. Porterfield, of Oswego, Kans., and J. W. Billings, of Oklahoma City, Oklahoma, witnesseth that said Porterfield has this day leased from said Billings space and storage room in the rear of the building situated at No. 510 West Main St. Oklahoma City, Oklahoma, for the placing and storage therein of certain goods and property consisting of 2 roll top desks, 5 organs, 1 piano, and a lot of musical instruments, appliances, equipments, sundries, etc., and being the same goods and property this day removed from the storage rooms of the O. K. Bus & Baggage Company at the corner of Fifth and Harvey streets in Oklahoma City aforesaid, and the said Porterfield agrees to pay and the said Billings agrees to accept $5.00 per month as rental for the use of the space and storage room occupied by said goods and property any fraction or part of a month to be paid for at the same rate.

"Witness our hands the day and year above first written. Executed in duplicate.

"Wm. A. Porterfield.
"J. W. Billings."

The defendants answered, denying the conversion of the property, denying all allegations of the plaintiff's petition that are not specifically admitted; contending that the property was delivered to J. W. Billings for storage, and that the charge for storage had not been paid, and that J. W. Billings proceeded to sell said property as provided by law for the sale of personal property for storage. To which the plaintiff filed a reply, denying each and every allegation of new matter and every allegation inconsistent with the allegations of the petition, and admitted that he owed $35 for storage and asked that the $35 be deducted from the amount of the plaintiff's recovery. Upon the issues thus joined, the parties went to trial before a jury.

Proof as to the value of the property taken was offered, and proofs were taken as to the entire transaction, including sale, storage, and disposition of property.

There was an attempted sale, as shown by the evidence, under the authority of Kee, one of the defendants, who had succeeded Billings, the original warehouseman, in possession of the property. At the sale, Billings bid the property in.

There is no claim that the sale was in compliance with the laws of the state providing for the sale of goods for storage fees by the warehouseman. The provision of our statute for sale in such cases is as follows: Sections 825 and 827, chap. 11, art. 3, Rev. Laws 1910:

"Whenever any trunk, carpet-bag, valise, bundle, package or article of property transported or coming into the possession of any railroad or express company or any other common carrier in the course of his or its business as common carrier, shall remain unclaimed and the legal charges thereon unpaid during the space of six months after its arrival at the point to which it shall have been directed, and the owner or person to whom the same is consigned cannot be found upon diligent inquiry, or, being found and notified of the arrival of such article, shall refuse or neglect to receive the same and pay the legal charges thereon for the space of three months, it shall be lawful for such common carrier to sell such article at public auction after giving the owner or consignee fifteen days' notice of time and

place of sale, through the postoffice if his address is known, or by advertising in a newspaper published in a county where such sale is made, and out of the proceeds of such sale to pay all legal charges on such articles, and the amount over, if any, shall be paid to the owner or consignee upon demand."

"The provisions of this chapter shall apply to hotelkeepers and warehousemen."

Porterfield, the plaintiff, was a nonresident, so the record shows, and the actual possession of the goods was first in Billings, and then in Kee. The sale was made by Kee by posting notices, and was in no sense in compliance with the provisions of the statutes, and it is not contended that it was. The defense seems to have been: First, that the plaintiff, Wm. A. Porterfield, was not the real owner of the property, and that the real owner of the property was Porterfield's father-in-law, C. W. L. Stiehl, who testified that he had sold the property to his son-in-law, the plaintiff. The evidence shows that Stiehl, however, looked after the care and storage of the property, his son-in-law being absent and a nonresident. The second proposition raised by the defendants was that it was a mere paper sale, meaning by a "paper sale" one defined as follows:

"A mere paper sale of a chattel without depriving the owner of possession is not sufficient to constitute conversion."

It is true that the plaintiff did have constructive possession, and so does any bailor who intrusts property to a warehouseman, but, as heretofore stated, the actual possession was first in Billings, and at the time of the sale appears to have been in Kee. Hence, either one or both of them were in possession in the sense that any warehouseman is in possession, and if they had advertised the property in compliance with the provisions of the statutes, heretofore cited, and sold the same in compliance therewith, title to property would pass; but through their failure to comply with the provisions of said statutes, even in a reasonable way, in the sale of the same, their action constituted a conversion.

The owner had a cause of action against them for conversion, and the value of his property at the time of the conversion was the measure of his damages, against which it was right to offset the accrued rentals.

Evidence was taken pro and con upon these propositions, and the issues were submitted to the jury. The court in his instructions defined ownership, conversion, and the measure of damage. The court also instructed the jury to allow for the sum of the admitted rents, due in the sum of $35. The jury rendered a verdict in favor of the plaintiff, Wm. A. Porterfield, in the sum of $300. A motion for a new trial was filed, and overruled, and appeal prayed for, and the record was filed in this court November 14, 1917; briefs of plaintiffs in error filed March 25, 1920; brief of the defendant in error filed May 5, 1920. Brief was filed on behalf of J. W. Billings, and on October 5, 1920, answer to the brief of J. W. Billings was filed.

The brief of the plaintiff in error contains nine assignments of error. The brief quotes extensively from the evidence and closes by quoting three or four of the instructions of the court, to none of which he specifically objects, and at the time they were given he does not appear to have excepted. The plaintiff in error makes a statement on page 46 of his brief as follows: "The demurrer to the evidence should have been sustained."

We have examined the record and fail to find where any such demurrer was presented.

We have examined the instructions of the trial court, and they seem to be a fair, comprehensive, and correct statement of the law applicable to the issues. None of the instructions are excepted to or criticized by the attorney for plaintiff in error.

There is a brief filed in behalf of J. W. Billings in an effort to show that Billings was not guilty of conversion, since he was the buyer and not the seller. Whatever uncertainties may have arisen as to just what the relations of the two defendants were relative to the transaction, the question of their liability was submitted to the jury under a fair and proper instruction, and the finding is binding upon this court.

The instructions give, in substance, the following rule as to liability for conversion, as stated in 38 Cyc. 2054:

"Every person is liable in trover who personally or by agent commits an act of conversion, or who participates by instigating, aiding, or assisting another, or who benefits by its proceeds in whole or in part."

In the same connection see 38 Cyc. 2087, sec. "C":

"The connection of defendant with a conversion will be sufficiently shown by proof of any facts or circumstances which will justify an inference that he assisted in wrongfully taking the goods, shared in the proceeds thereof with guilty knowledge, or participated in some act which in law amounted to a conversion."

In the case of Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A.

(N. S.) 573, and in Bilby v. Jones, 39 Okla. 613, 136 Pac. 414, conversion is defined as follows:

" 'Conversion' is any distinct act of dominion wrongfully exerted over another's personal property, in denial of or inconsistent with his rights therein."

The definition of conversion as presented to the jury by the trial court in the instant case gives this definition in substance.

We have examined the two cases cited by the attorney for Billings in support of his contention: Forth v. Pursly, 82 Ill. 152; Horak v. Thompson (Iowa) 83 N. W. 889. We do not think these cases apply to the instant case. The first was a case where a mortgagee held a mortgage on one-half interest in a portable sawmill. He undertook an action for trover before the mortgage was due and before he was entitled to possession. The court held he could not sustain it.

The last case was one where plaintiff had leased certain lands and had erected certain structures thereon with the understanding that the title of the same was to remain in him. Afterward two or three transfers of the real property were made, and upon demand upon one of the transferees delivery or pay for the property was denied. Whereupon the lessee sued him for conversion. The facts affecting the rights of the parties not being in dispute, hence the determination of their rights was purely a question of law for the courts to determine, and the court held the defendant not guilty of conversion and that the plaintiff had sued the wrong party.

In the instant case, personal property was intrusted to one of the defendants as a warehouseman. He shifted possession of the property. Afterward he appeared at a purported sale, conducted by authority of the one to whom he had turned possession of the property, and bought the property in. The seller and buyer are the defendants in the instant case. The circumstances are such and the conduct of the defendants is such in relation to this transaction that it could be reasonably inferred that they were both liable in conversion, and such the jury in the instant case must have concluded, since it returned a verdict holding them both liable.

The plaintiffs in error invoked the principle that it is the duty of this court to review the record, and if it is found that the finding of the jury is clearly against the weight of the evidence, the judgment must be reversed, and judgment directed.

This rule applies in purely equitable causes, and not to law causes, wherein, as a matter of right, the issues are triable by a jury. The rule in such cases is stated to be as follows (first paragraph of syllabus in case of Elwill v. Purcell, 42 Okla. 1, 140 Pac. 412):

"Where there are controverted issues of fact and conflicting testimony as to their existence, the findings of the jury in reference thereto under instructions not complained of should be binding on the Supreme Court."

See, also, Chicago, R. I. & P. R. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174, where the rule is clearly stated as follows:

"In order to determine whether there is any evidence in the record reasonably tending to support the verdict, it is the duty of the court to treat all the evidence offered by plaintiff as true and treat all the evidence offered by defendant in conflict as having been rejected and when all the evidence supporting the verdict, taken together and given all the presumptions and deductions to which it is reasonably susceptible, is sufficient, the verdict will be allowed to stand, notwithstanding the countervailing evidence in the record would have been sufficient to have sustained a verdict for the other party."

To the same effect are Rumbaugh v. Rumbaugh, 39 Okla. 445, 135 Pac. 937; Dunn v. Carrier, 40 Okla. 214, 135 Pac. 337; Peters v. Holder, 40 Okla. 93, 136 Pac. 400; Tulsa Street Ry. Co. v. Jacobson, 40 Okla. 118, 136 Pac. 410; Moore v. Johnson, 39 Okla. 587, 136 Pac. 422; Walters Nat. Bank v. Bantock, 41 Okla. 153, 137 Pac. 717, and numerous other authorities given in Oklahoma Digest, Annotated, Cumulative Plan, Notes to Statutes, vol. 3, under head of Conflicting Evidence, sec. 1002, page 123-4.

As to the proposition of this being merely a paper sale, we will state that we are unable to see, in this case, anything different from a case where bailee undertakes to make a sale of the property placed in his custody for the storage, under the provisions of the statutes of our state, and failure to comply therewith. The bailee, himself, by his own conduct, and that of the other defendant, has gotten the relations of himself and the other defendant to the transaction in more or less doubt, and then seeks to take advantage of the situation to escape liability when sued in conversion. Upon this state of facts, being submitted to the jury under proper instructions and instructions not objected to, and the findings being against the defendants, the verdict, under such circumstances, will not be disturbed.

We hold, therefore, that the judgment of the trial court must be, and the same is, hereby affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and NICHOLSON, JJ., concur.