**KANSAS CITY SOUTHERN R. CO. v. CRAIG, Adm'r.**

No. 10186—Opinion Filed May 17, 1921.

(Syllabus.)

**1. Railroads—Negligent Operation—Making Flying Switch.**

Where a railway company, by its agents, servants, and employes. is switching its cars in its yards at a place where its right of way and yards are used as a footpath by a large number of people at all times of the day in the going from one part of the town to the other, and such servants and employes of the railway company make what is known as a ."flying or kicking switch" and the cut of cars, so switched, are permitted to run down the track without having any person on them to control their movement or give warning of their approach, and cross the footpath so used by pedestrians, this constitutes negligence on the part of the railway company.

**2. Same — Pathway Through Yards—Care Required.**

Where a railway company has permitted or acquiesced in allowing the public to use its right of way and yards as a footpath or passageway at all times of the day and night, and its agents, servants, and employes knowing of such use, said railway company is bound to exercise such degree of care in switching its cars in said yards as would be commensurate with the danger to which persons would be exposed who might be using its yards as a pathway and whose presence might reasonably be anticipated, considering the number of persons traveling through the yards.

**3. Same—Licensees Using Footpath.**

Where there has existed a license, either express or implied, to use the right of way and yards of the railway company by the public as a footpath, and this has continued for a long period of time and is known to the agents, servants, and employes of such railway company, the company is bound to use reasonable care to avoid injury to those persons whose presence there it may reasonably anticipate.

**4. Same—Action for Negligent Death—Sufficiency of Evidence.**

The evidence examined and held, that it is sufficient to take the case to the jury.

Error from District Court, LeFlore County; W. H. Brown, Judge.

Action by M. T. Craig, administrator of the estate of Silas L. Craig, deceased, to recover damages for the wrongful death of Silas L. Craig, against the Kansas City Southern Railway Company, Judgment for plaintiff, and defendant brings error. Affirmed.

James B. McDonough, for plaintiff in error.

T. T. Varner, R. P. White, and L. V. Reid, for defendant in error.

MILLER, J. This action was commenced in the district court of LeFlore county by M. T. Craig, as administrator of the estate of Silas L. Craig, deceased, who appears here as defendant in error, against the Kansas City Southern Railway Company, a corporation, to recover damages for the death of Silas L. Craig, who was killed in the yards of the defendant company at Poteau on the 12th day of August, 1916. The case was tried before a jury, which resulted in a verdict in favor of the plaintiff in the court below for $1,000. The court rendered judgment on the verdict, to reverse which the defendant appeals to this court and appears here as plaintiff in error.

The facts briefly stated are: That the city of Poteau, at the time of the injury complained of, had a population of about 3,000 people. That the line of railroad, yards, and switching track of the said Kansas City Southern Railway Company ran through the city of Poteau and that approximately 300 people resided on the east side of said railroad, yards, and switching tracks, and the remainder resided on the west side, this being the main part of town. That some of the streets were not opened up through the yards of the railway company, but that the people on the east side of the tracks had been using the right of way and yards as a footpath

to cross from the east side of the city to the main part of town. This use had been so constant and frequent that there was a well defined path leading across the yards at about where Ward avenue would cross if extended. That. persons were constantly crossing at about that place, and it was here deceased was killed.

On said 12th day of August, 1916, at about ten o'clock in the morning, deceased was crossing these yards and the railway company was switching some freight cars in the yards and made what was known as a "flying switch or kicking switch," and in doing this a cut of cars was kicked down the track with no person on the front-end car to give warning or control the movement of this cut of cars. The caboose was the front-end car, and it ran over deceased and injured him to such an extent that he died within about an hour thereafter.

The plaintiff in error took exception to each and every instruction given by the court, notwithstanding many of the instructions so given have been repeatedly upheld by the courts as proper instructions, and plaintiff in error assigns forty assignments of error, then makes the following statement in its brief:

"The errors complained of at the trial, preserved in the motion for a new trial, and raised in the petition in error, may be grouped and thus save labor and time to both court and counsel. These errors naturally group themselves into three classes. The first group is found in assignments 2 and 10, inclusive, in the petition in error, and relates to inadmissibility of certain evidence. The second group relates to the refusal of the court to direct a verdict in favor of the defendant. This question was raised by demurrer to the evidence, and by motion to direct a verdict, and by request for a peremptory instruction, and is covered by assignments 11 to 14, inclusive, and also 39 to 40. the latter alleging that there is no evidence to support a verdict. The next group relates to the giving and refusing to give certain instructions. This group of errors is covered by assignments 15 to 38, inclusive. Counsel for the plaintiff in error will discuss the second group of errors first."

We do not consider that any good purpose will be served by discussing in detail each and every one of the various assignments of error or contentions of plaintiff in error.

We do not find that any prejudicial error was committed by the trial court in the admission of evidence, and it is sufficient to take the case to the jury. St. Louis-S. F. R. Co. v. Donahoo, No. 11058. decided Apr'l 19, 1921, 82 Okla. 44, 196 Pac. 81; M., K. & T.

Ry. Co. v. Wolf, 76 Okla. 195, 184 Pac. 765; St. Louis-S. F. R. Co. v. Jones, 78 Okla. 204, 190 Pac. 385; St. Louis-S. F. R. Co. v. Irene Teel, No. 10024, decided by this court April 12, 1921, 82 Okla. 31, 196 Pac. 78.

We have examined the instructions given by the court, and the law is fairly stated in the instructions and without prejudice to the plaintiff in error.

The plaintiff in error contends that it is not shown that the agent of the railway company or its officers had knowledge that its right of way and yards were used as a passageway or footpath, and therefore it is not liable. The evidence discloses that practically all of the people residing on the east side of the right of way in the city of Poteau used this path or trail as a footpath or passageway, and people from the west side desiring to go to the east side used it. In view of this evidence it cannot be said that the railway company did not have any knowledge of it being so used. The jury, by its verdict, under proper instructions, have found that the railway company did have knowledge of all of these facts and that the railway company was negligent. Its verdict is clearly supported by the evidence, and under an unbroken line of decisions of this court it will not be disturbed. See St. Louis-S. F. R. Co. v. Donahoo, supra, and cases there cited.

The other assignments of error have been examined, and in our opinion are without merit.

The judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.