**CHICAGO, R. I. & P. RY. CO. v. PEDIGO.**

No. 14426—Opinion Filed Nov. 27, 1923.

Rehearing Denied Feb. 12, 1924.

Leave to File Second Petition for Rehearing

Denied May 27, 1924.

(Syllabus.)

1. **Railroads — Liability for Personal Injuries — Lack of Evidence of Negligence.**

A railroad company will not be held liable for personal injuries where there is no positive evidence, on reasonable inference, to be drawn from the testimony that the railroad company was guilty of negligence.

2. **Appeal and Error — Review — Verdict —Lack of Evidence.**

The verdict of a jury is not binding upon this court where the testimony in support of same is not conflicting, and where there is no positive evidence to support the same, nor any reasonable inference from all the testimony that tends to support same.

Error from District Court, Marshall County; Porter Newman, Judge.

Action by Robert Pedigo against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison, for defendant in error.

HARRISON, J. This action arose out of the following circumstances, to wit:

Robert Pedigo, a young man about 28 years of age, on a Sunday afternoon was going from Geary some eight miles out in the country to a place where he had been making his home, and had been for some eight or more years, and in starting on his route he started up the railroad track leading north from Geary, Okla. He was subject to epileptic attacks, epileptic fits, and while walking along the track he was taken with one of these habitual attacks and fell on the track, remaining there, from the best we can glean from the evidence, for an hour or more before sustaining the injuries alleged to have been caused by the railroad company. It is shown by the evidence that while on the track walking north, which was called up the track, he met a Mr. Sisney and had some conversation with him. Mr. Sisney was crossing the track with a cow to a pasture beyond, and passed a few words with plaintiff. Mr. Sisney testified that after he returned to his home, he spoke to his wife of meeting the party and thought he was crazy, and something was said between them as to whether a policeman should be called, but they did not do so. Later, looking under a string of freight cars sitting on a side-track, they could see him, Pedigo, sitting beyond on the rails of the main track; they also testified to the fact of it being about a regular schedule time for the passenger train to go north out of Geary. The railroad employes testified to practically the same thing as to the schedule and the time of the train's passing; but this is about all that the Sisneys knew of the northgoing train; they did not observe it or remember it by the time it did pass, but merely remembered that it was accustomed to pass at about that time; but after the train had passed, one of the Sisneys no-

ticed Pedigo walking along the track, and observed that he seemed to be crippled or wounded, and upon further investigation ascertained that he had, while supposedly lying on the track, been run over and his arm cut off close to his shoulder by the train; this, however, was some time after the train had passed north. There was no evidence that the railroad employes saw him or knew anything about his being hurt. One employe answered that he did not see him, but objection was raised by defendant's counsel to this testimony as being improper cross-examination; the court sustained the objection and no more was said on the subject. The employe in question was being used as plaintiff's witness in order to establish the time of the passage of the train and to establish the duty of the train employes to keep a lookout along the track; but there was no testimony tending to show they had seen him. The objection to this class of questions on cross-examination having been sustained, plaintiff's counsel adroitly avoided any further questions as to whether the train employes had seen plaintiff on the track. The answer of the engineer to the question whether he saw plaintiff on the track, being an emphatic "no"; while he was not permitted to answer any further questions along this line upon cross-examination, yet there being no motion to strike the answer "no," nor request that it be disregarded by the jury, the answer "no" went to the jury unstricken and unchallenged, and this was the only positive testimony as to whether or not he had been seen by the employes before he was struck, or that they ever knew that he had been struck.

There was a persistent attempt made by plaintiff's counsel to prove that the track for several hundred yards was so clear of obstructions that the train employes could have seen him by the exercise of ordinary diligence and would have seen him had they done their duty as to keeping a look-out. No one knew or pretended to know whether he was lying on the track with his arm extended over the rail or whether he was lying on the embankment without the track with his arm extended over the rail. It seems to us a more reasonable inference that he must have been lying on the embankment without the track and had fallen and become unconscious and inactive in his fit of epilepsy, with his arm extending over the rail, because had he been lying on the track with his arm extended over the rail a more reasonable inference would be that he would have been otherwise mangled than cutting off of his arm. The effort of counsel was to establish the fact that the track was so clear that by the exercise of required diligence they could have seen the injured party lying on the track and could have stopped in time to have avoided injuring him; this and the fact that this portion of the track was used as a common traveled way by citizens were the only circumstances upon which any inference of negligence could be drawn.

The question as to whether the track was commonly used by the public, with the knowledge of the railroad company, was not established by any testimony; there was some conflict in the testimony as to whether it was used by others than the railroad employes in the discharge of their duties, but no testimony that the railroad officials knew of it being so used, either by the employes or by the public, nor was there any testimony whatever that the employes on the train in question saw or knew that the injured party was lying on the track: hence the only partially established fact from which the inference of negligence could be drawn was that this portion of the track was commonly used by the public; this was the only established fact from which could reasonably be drawn the inference that had the railroad employes kept a proper look-out they could have seen the defendant on the track.

Under these circumstances, we do not feel that there were any valid grounds for the inference of negligence on the part of the railroad employes, nor that the verdict upon the primary negligence of the railroad should be allowed to stand. Counsel for plaintiff, defendant in error, have relied upon M., K. & T. R. Co. v. Wolf, 76 Okla. 195, 184 Pac. 765; St. L. & S. F. R. Co. v. Jones, 78 Okla. 204, 190 Pac. 385; St. L. & S. F. R. Co. v. Donahoe, 82 Okla. 44, 198 Pac. 81; citing, also, K. C. Southern v. Craig, 82 Okla. 1, 198 Pac. 578; C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517; St. L. & S. F. R. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785; M., K. & T. Ry. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753; Chickasha St. Ry. v. Marshall, 43 Okla. 192, 141 Pac. 1172. Also Elson v. Walker, 80 Okla. 237, 195 Pac. 899; Bass v. City of Atoka, 76 Okla. 58, 184 Pac. 573; Katterhenry v. Williamson, 78 Okla. 221, 190 Pac. 404; Mounts v. Boardman Co., 79 Okla. 90, 191 Pac. 362; Billings v. Porterfield, 81 Okla. 218, 198 Pac. 94, and C., R. I. & P. R. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174.

And on the question of reasonable inference upon circumstantial evidence, M., K. & T. v. Simerly, 72 Oklahoma, 180 Pac. 551; St. L. & S. F. R. Co. v. Teel, 82 Okla.

31, 198 Pac. 78. But in none of the cases cited are the facts presented identical in legal effect with the case at bar.

In the case at bar, the whole question of liability rests solely upon wild conjecture; the sole decisive question upon which there was positive testimony was the question whether or not the railroad employes saw the injured party, or by the exercise of the required diligence could have seen him, and the answer to the only positive question in this was "no." Therefore we cannot consider the case as coming within any of the cases cited, and do not feel that there was any evidence to establish liability.

The judgment is therefore reversed.

McNEILL, NICHOLSON, COCHRAN, and MASON, JJ., concur.