## ROBERTS v. CALLIS.

No. 24364.    June 2, 1936.

Rehearing Denied June 30, 1936.

O. E. McKenzie, for plaintiff in error.

Counts & Counts, for defendant in error.

WELCH, J. Plaintiff commenced this action to recover the value of household goods alleged to have been converted by defendant, in whose warehouse the goods were stored for hire.

The defendant admits the storage of plaintiff's goods for hire, but asserts a lawful sale of the goods for storage charges before plaintiff called for the goods; and defendant on this appeal attacks the verdict and judgment against him upon several grounds, which we will consider in order.

Defendant asserts that plaintiff is entitled to no recovery because the sale of the goods was legally made and defendant became the purchaser of the goods for the storage charges. The trial court held that the sale was invalid because only 11 days' publication notice of sale was given. That conclusion was correct. Section 12974, O. S. 1931.

The defendant urges that such section does not apply, but that sections 9285 and 9287, O. S. 1931, do apply. That contention is not tenable. Those two sections last mentioned refer to the carriage of property and are found in the chapter upon that subject; while section 12974 is a part of the Uniform Warehouse Receipts Act adopted in 1915, and relates specifically to the storage of property for hire. The defendant here admits that he received the goods for storage and issued therefor his warehouse receipt. We are satisfied that defendant was a "warehouseman," as defined in section 12999, O. S. 1931, which is also one of the sections of the warehouse act, and that the various provisions of that act govern the rights as

to the lien for the agreed storage charge, and any sale that may be made for nonpayment thereof. It is the general rule that a warehouseman engaged in the storage of goods for hire may not sell such goods under statutory provisions relating to carriers, and that if he does do so, and does not comply with the requirements for sale by a warehouseman who stores for hire, he is guilty of conversion. See 67 C. J. 537, 538, and 67 C. J. 556, and decisions from other states there cited.

While it does not appear that this court has heretofore passed upon the exact question, we must not overlook the provisions of section 12998, O. S. 1931, which emphasizes the policy of a construction of the act to promote uniformity of this act in the various states. While sections 9285 and 9287, O. S. 1931, may have application under proper circumstances to persons engaged in some character of warehouse operation, those sections do not apply in this case, where defendant operated under the Uniform Warehouse Act.

The defendant cites this court's decision in Billings v. Porterfield, 81 Okla. 218, 198 P. 94, as being contrary to this view. However, that case did not involve the question whether the carrier's act or the Warehouse Receipts Act, as to the sale of the goods. It is clear from the opinion such question was not considered and could not have been there determined. The opinion unmistakably shows that in that case there was no sale in compliance with either provision of the statutes, nor even a claim of such a sale. Any language in the body of that opinion from which it might be inferred that the carrier act applies to warehousemen who store for hire, the exclusion of the Uniform Warehouse Receipts Act, cannot be followed as the correct rule, and all such language is expressly overruled.

The record discloses positive evidence as to the value of the property involved, as to plaintiff's demand, and his tender of the money due defendant for storage, and defendant's failure and refusal to deliver the property. The trial court's instructions were in keeping with the law as here determined, and we find no error therein nor any error of law occurring at the trial.

The judgment is affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur. Mc-NEILL, C. J., and BAYLESS and PHELPS, JJ., absent.