**KING TRANSFER & STORAGE CO.**
v.
**LARSON.**
No. 34971.

Supreme Court of Oklahoma.

Oct. 27, 1953.

Chas. A. Moon, Muskogee, for plaintiff in error.

Andrew Wilcoxen, R. M. Mountcastle, Muskogee, for defendant in error.

O'NEAL, Justice.

Plaintiff below, Mrs. Janette Larson, recovered a judgment against the King Transfer & Storage Company, a corporation, defendant below, from which judgment the latter appeals.

Parties will be referred to as they appeared in the trial court.

Plaintiff's action is based upon the theory that certain household goods in which plaintiff had an interest and ownership and which were stored with the defendant as a warehouseman, were wrongfuly converted by the defendant.

In February, 1946, R. W. Larson, plaintiff's husband, delivered their household goods and furniture to the defendant for storage. The warehouseman's receipt was issued in the name of R. W. Larson, and by him delivered to the plaintiff for safekeeping. Sometime later plaintiff either misplaced or lost the warehouseman's receipt.

Plaintiff and her husband lived in Muskogee, Oklahoma, until the month of August, 1946, at which time they were divorced and plaintiff thereafter lived in San Diego, California, Tulsa and Lawton, Oklahoma. From time to time her former husband made payments of storage charges upon the goods and sent plaintiff the receipts. On one occasion during plaintiff's residence in San Diego, she made a storage payment of $25.50 to defendant and received from the defendant the following letter:

"July 2, 1947.
"Mrs R. W. Larson,
  Sandford Hotel, Room 443,
  San Diego, California.

"Dear Mrs. Larson: We acknowledge receipt of your check in the amount of $25.50 to apply on your storage from 5–18–47 to 8–18–47.

"We wish to advise the warehouse man has decreased your storage amount therefore you are paid in advance in the amount of $1.50. Your storage is $8.00 per month. The next check you send you may deduct $1.50 from one month's storage to take care of the adjustment.

"We thank you for your promptness in regard to your account.

"Yours very truly,
        King Transfer & Storage Co.
        W. W. Laurie, Manager."

During her residence in San Diego, she made additional payments of monthly storage charges upon the goods.

Plaintiff returned to Oklahoma in August, 1948, and thereafter lived for some period of time with her mother at 241 West 11th Street in Tulsa, Oklahoma. Shortly after her return to Tulsa, she requested a neighbor to take her to the defendant's place of business in Muskogee. Upon their arrival she introduced herself to the manager in charge of defendant's office, advised him of her then address at Tulsa, and requested that storage bills be thereafter sent to her at such address. On this occasion she withdrew from storage a sewing machine, a baby bed, a rug, a love seat and an easy chair. The manager of the defendant company did not request that plaintiff produce the warehouse receipt as a condition of the delivery to her of the enumerated articles.

Her neighbor, who accompanied her on this trip, testified that when they arrived at the defendant's office in Muskogee, they found a grey-haired man wearing spectacles (identified at the trial as W. W. Laurie, defendant's manager) in charge; that plaintiff made inquiry about the furniture

and at the same time gave defendant's manager her Tulsa address at 241 West 11th Street, Tulsa, Oklahoma. On this occasion the manager of the defendant company delivered to the plaintiff the enumerated articles testified to by her, which her neighbor loaded in his panel truck and delivered to plaintiff's address in Tulsa.

In the month of September, 1948, plaintiff moved to Lawton, Oklahoma, and the following month she requested her mother to go to the defendant's storage house in Muskogee and withdraw from storage a floor rug and other goods then in storage, and send them to plaintiff at Lawton. Again, in the month of December, 1948, defendant delivered to plaintiff's mother two cushions which she forwarded to her daughter at Lawton. On neither of these occasions did defendant request that the warehouse receipt be produced as a condition to the delivery of the goods.

In August, 1949, plaintiff had her mother write a letter to the defendant company requesting a bill for storage charges then due, in which letter she advised the defendant that she desired to get the furniture the following month for shipment to Lawton. Not receiving a reply plaintiff phoned defendant's manager and again requested information as to the amount due for storage and her desire to have the furniture moved to Lawton. The manager advised her he would look up her account and mail her a statement. Three days later, not having received the statement, the plaintiff put through another call from Lawton, and was then advised by the defendant's manager that her goods had been sold for storage.

Defendant's testimony tends to establish that the furniture was deposited with it for storage by R. W. Larson in February, 1946; that defendant issued its warehouseman's receipt to R. W. Larson. The receipt reflects two addresses; one 524 So. 13th Street, Tulsa, Oklahoma, and the other, through which lines have been drawn, 714 Columbus, Muskogee, Oklahoma, which latter address was plaintiff's and R. W. Larson's correct address at the time the goods were stored.

Mr. King, president of the defendant company, testified that prior to the sale of the furniture he attempted to ascertain the address and whereabouts of R. W. Larson, without success. He stated he did not know plaintiff claimed or had any interest in the stored household goods; however, he identified the letter of July 2, 1947, supra, as having been written by the defendant company to the plaintiff and mailed to her at her San Diego address. He further stated that he did not furnish his attorney plaintiff's Tulsa, Lawton, or San Diego addresses so that plaintiff might be notified of the proposed sale of the goods.

It was further shown that a notice was mailed by the defendant company to R. W. Larson at 524 So. 13th Street, Tulsa, Oklahoma, by registered mail, and that the letter was returned unclaimed.

Mr. Laurie, the manager of the defendant company, stated that he had no independent recollection of the plaintiff having been at defendant's office, nor did he recall that she gave him her Tulsa address.

For reversal of the judgment defendant asserts that the evidence is insufficient to sustain the verdict and the judgment rendered, and that the court's instructions were contrary to the law of the case.

Succinctly stated, defendant assumes the position that as R. W. Larson deposited the household furniture with the defendant company, and the warehouseman's receipt was issued to him, that a cause of action, if any, belongs to Mr. Larson. Furthermore, the receipt being negotiable in character, the company was not called upon to make any redelivery of the goods until the receipt was submitted for cancellation.

Neither position in our view of the case is well taken, for the reason that the plaintiff had an interest in the furniture, which fact was known to the defendant, and, furthermore, the sale was made for a past due storage account. Whether the warehouseman's receipt was in Mr. Larson's or the plaintiff's possession is immaterial as neither Mr. Larson nor the plaintiff was called upon to produce it. The admitted and proven facts disclose that plaintiff furnished defendant's manager her Tulsa, as well as her San Diego address. Defendant's letter of July 2, 1947, supra, lays that question at rest; therefore, before the de-

fendant could sell the property for delinquent storage, plaintiff was entitled to a written notice of the proposed sale.

Title 81 O.S.1951 § 306, reads as follows:

"The warehouseman shall give a written notice to the person on whose account the goods are held, and to any other person known by the warehouseman to claim an interest in the goods. Such notice shall be given by delivery in person or by registered letter addressed to the last known place of business or abode of the person to be notified."

 Under the established facts, defendant's non-compliance with the statute resulted in its wrongful conversion of plaintiff's property. Page v. Allison, 173 Okl. 205, 47 P.2d 134.

The facts in the Page v. Allison case are, in many respects, comparable to the present facts in the instant case. In that case plaintiff's evidence disclosed that after the goods were stored by plaintiff's brother, that the plaintiff advised defendant orally of his change of address and thereafter when he made a payment by check for storage charges, inserted the changed address upon the check. When defendant conducted the sale it did not send plaintiff notice thereof to the address so furnished. Construing section 12974, O.S.1931 (now Title 81 O.S.1951 § 306) we held that sale without notice was void and sustained plaintiff's recovery for the value of the property converted. The Page v. Allison case is cited with approval in the case of Riggan v. Faulkner, 184 Okl. 605, 89 P.2d 311.

Defendant's contention that its liability is limited to $10 per 100 pounds in case of loss as specified in the warehouseman's receipt, under the facts of this case, cannot be sustained, for the reason that the sale was made contrary to the express provisions of the statute, and in effect amounted to a conversion of plaintiff's property.

In Page v. Allison, supra [173 Okl. 205, 47 P.2d 136], this court said:

"Although by section 12944, O.S.1931 [81 O.S.1951 § 263], the warehouseman is authorized to insert certain terms and conditions in the receipt issued by him, he cannot insert any which would 'in any wise impair his obligation to exercise that degree of care in the safe-keeping of the goods entrusted to him which a reasonably careful man would exercise in regard to similar goods of his own.'"

The court properly advised the jury in its Instruction No. 9, that the warehouseman's receipt limiting liability in case of loss to $10 per 100 pounds under the facts of the case was inapplicable.

We have examined all of the instructions given and requested and are of the view that the court's instructions as a whole properly submitted all issues supported by proof.

The judgment of the trial court is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.