Zella REED, Plaintiff in Error,

v.

LONG BELL LUMBER CO., a Corporation, and The Overhead Door Company of Oklahoma, Inc., a Corporation, Defendants in Error.

No. 37496.

Supreme Court of Oklahoma.

Oct. 1, 1957.

J. M. Springer, Nowata, for plaintiff in error.

Lytle, Johnston & Soule, Oklahoma City, Sanders & McElroy, Tulsa, John F. Pendleton, Nowata, of counsel, for defendants in error.

## PER CURIAM.

The parties to this appeal occupy the same relative position here as in the trial court and will hereinafter be referred to as they there appeared.

Plaintiff brought suit against the defendants, to recover damages for personal injuries alleged to have been sustained by her, by reason of defendants' careless and negligent installation of a certain overhead garage door on her property. Such alleged negligence was the use by defendants, in the installation of the door, of Lag Screws 1½ inches long through a steel plate into a header board to hold the torsion spring, rather than the use of bolts which would have gone through the steel plate and header board and secured by a nut on the opposite side. At the conclusion of plaintiff's evidence the court sustained the separate general and special demurrers of the defendants thereto, and rendered judgment in their favor, from which the plaintiff has appealed.

The evidence discloses that plaintiff and her husband had a long term lease on certain property situate in Nowata, Oklahoma, on which they owned a certain building in which they were conducting a service station business; that they constructed a combination wash and grease room as an addition to said building; that they purchased the materials therefor from the defendant, Long Bell Lumber Company; that they desired a special overhead type door for this room, which they purchased from the defendant, Overhead Door Company of Oklahoma, by special order through the defendant, Long Bell; that the purchase price therefor was paid direct to Long Bell and included installation by defendant, Overhead Door; that plaintiff was to frame the opening in preparation of the installation, such framing to include a 2″ X 8″ header board to which the steel plate holding the torsion spring of the door was to be attached; that plaintiff had her carpenters frame the opening and placed a 2″ X 8″ header board thereon for the door installation. Thereafter, plaintiff and her husband went on vacation and while gone the defendant, Overhead Door, installed the door, attaching the steel plate holding the torsion spring of the door to the header board with $\frac{5}{16}$″ X 1½″ lag screws. The door was a 10′ X 10′ sectional roll up type, of considerable weight which was controlled by the torsion spring. On August 30, 1953, after returning from their vacation, plaintiff's husband opened the service station for business. Thereafter plaintiff operated the business, experiencing no difficulty in the raising or lowering of the door until the morning of September 10, 1953. Plaintiff testified that on this particular morning in opening up the business she attempted to raise the door; that when she got it about shoulder high, she placed her hands on the bottom of the door as she had been accustomed to doing, to completely raise it; that it suddenly fell throwing her to the floor, thereby causing the alleged injury; that a short time thereafter, one of the lag screws was found upon the floor of the room; that thereafter, Overhead Door was notified by defendant Long Bell's manager, and repaired the door using bolts that went all the way through the header board; that since its repair in this manner, no further difficulty had been experienced. The header board to which the torsion spring was attached was introduced in evidence, as well as a lag screw of the same dimension and type as used in the initial installation of the door. The header board contained two knots, was not straight grained, and was split in the area where the plate was attached.

While there is considerable evidence relative to plaintiff's disabilities and injuries; whether her trouble was congenital and of long standing due to degenerative arthritis or as a result of the alleged accident, no useful purpose would be served by a resume thereof, for we are here concerned with the sole question of, whether or not she was injured as a result of the negligence of the defendants.

In this state the law is well settled and citation of authority is unnecessary to support the rule that, the mere fact that an injury occurs carries with it no presumption of negligence. The burden is upon the plaintiff, in an action to recover damages for an injury caused by alleged negligence, to show the existence of the negligence and that the negligence was the proximate cause of the injury. See Lowden v. Friddle, 189 Okl. 415, 117 P.2d 533.

In Chicago, R. I. & P. Ry. Co. v. Pedigo, 102 Okl. 72, 226 P. 72, this court held, a railroad company will not be held liable for personal injuries, where there is no positive evidence of negligence or of facts from which negligence can be reasonably inferred.

This court in Gypsy Oil Co. v. Ginn, 152 Okl. 30, 3 P.2d 714, in discussing inferences of negligence and causal connection, said, an inference of negligence or causal connection must be based on something more than mere speculation or conjecture. It is not sufficient to show a state of circumstances consistent with or indicating a mere possibility and to leave other possibilities of equal force and reason. The theory to be adopted must be the more probable and more reasonable to be adopted from the evidence. The theory cannot itself furnish the element that is missing in the evidence. The theory must be applied to the evidence.

In the instant case, the only allegation of defendants' negligence was defendants' use of lag screws instead of bolts in the installation of the door. The burden was hers to prove that such manner or method of installation was a departure from the customary method of installing this type of door; that thereby defendants failed to perform a duty devolving upon them to protect the plaintiff from injury, and that her injury resulted from that failure.

It seems pertinent to suggest that all the plaintiff has shown is that the door fell. There is not the slightest suggestion in the evidence which tends to show that defendants installed the door improperly or other than in the customary manner and with the customary hardware which was always used. On the contrary plaintiff offered the testimony of a carpenter who testified that it was proper and customary to use lag bolts of the dimension and type shown in installing the type of door in question and that he, himself had followed this practice.

There being no evidence from which an inference could be drawn from which defendants' responsibility could be established, the trial court correctly sustained defendants' demurrers to the plaintiff's evidence, and correctly rendered judgment for the defendants.

It is unnecessary to comment on other propositions presented for they could play no part in the decision of the trial judge on the issue of primary negligence.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by Commissioners James H. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.