**Cindy MILLER, Appellee,**

v.

**Duane HENSHAW, d/b/a Penn Messenger, Appellant.**

**No. 73585.**

Court of Appeals of Oklahoma, Division No. 3.

March 19, 1991.

As Corrected June 3, 1991.

John K. Harlin, Tulsa, for appellant.

Terry L. Weber, Rex W. Thompson, Tulsa, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

In January, 1987, the Housing Authority for the City of Tulsa obtained a judgment

---

against Cindy Miller (Appellee) for unpaid rent and for possession of the rental premises occupied by her. Execution was issued and the Sheriff entered the premises and placed all of her personal property in storage with Duane Henshaw, d/b/a Penn Messenger (Appellant). He inventoried Appellee's personal property and stored it in his warehouse. The property was later sold to satisfy his warehouseman's lien.

In July, 1988, Appellee filed an action against Appellant to recover the value of her property and for punitive damages. After discovery, Appellee filed a Motion for Summary Judgment, asserting Appellant had not complied with the provisions of the Uniform Commercial Code (U.C.C.) and was liable for conversion of her property. The trial court granted her Motion for Summary Judgment on the issue of liability, but not as to the amount of damages. The case then went to a jury for a determination of damages. The jury awarded her a judgment for actual damages in the amount of Eight Thousand Dollars ($8,000.00) and punitive damages in the amount of Three Thousand Five Hundred Dollars ($3,500.00).

Appellant asserts the trial court erred in sustaining the Motion for Summary Judgment and in finding that he had not complied with the notice provisions of 12A O.S. 1981 § 7–210, which are as follows:

A warehouseman's lien on goods other than goods stored by a merchant in the course of his business may be enforced only as follows:

(a) All persons known to claim an interest in the goods must be notified.

(b) The notification must be delivered in person or sent by registered letter to the last known address of any person to be notified.

(c) The notification must include an itemized statement of the claim, a description of the goods subject to the lien, a demand for payment within a specified time not less than ten days after receipt of the notification, and a conspicuous statement that unless the claim is paid within that time the goods

will be advertised for sale and sold by auction at a specified time and place.

(d) The sale must conform to the terms of the notification.

(e) The sale must be held at the nearest suitable place to that where the goods are held or stored.

(f) After the expiration of the time given in the notification, an advertisement of the sale must be published once a week for two weeks consecutively in a newspaper of general circulation where the sale is to be held. The advertisement must include a description of the goods, the name of the person on whose account they are being held, and the time and place of the sale. The sale must take place at least fifteen days after the first publication. If there is no newspaper of general circulation where the sale is to be held, the advertisement must be posted at least ten days before the sale in not less than six conspicuous places in the neighborhood of the proposed sale.

█ Appellant mailed a notice, which included a demand for payment of storage charges, to Appellee's last known address, the premises from which she had been evicted. It was undisputed that the notice was mailed on February 26, 1987. A Notice of Sale was published on March 5, 1987, and again on March 12, 1987. Section 7–210(2)(f) requires the notice of sale to be published *after* the expiration of the time given for payment in the original notice sent to the person with an interest in the goods, here Appellee. This statutory notice must contain a demand for payment within a specified time, not less than ten (10) days after "receipt" of the notification. The first publication of the notice of sale was on the 7th day after the notice was mailed. Therefore, Appellant did not comply with either sub-section (c) or (f) of § 7–210(2). Summary judgment or directed verdict on the issue of liability for actual damages was proper. See § 7–210(9) infra.

█ Appellant contends the trial court erred in instructing the jury that he was guilty of conversion, which took that question away from the jury and only allowed it

to determine the amount of punitive damages for his alleged conversion. In response, Appellee asserts that Oklahoma Courts have consistently held that wrongful sales by warehousemen for charges, constitute conversion. Appellee cites *King Transfer Storage Co. v. Larson*, 263 P.2d 164 (Okl.1953); *Roberts v. Callis*, 177 Okl. 359, 58 P.2d 1232 (1936); *Page v. Allison*, 173 Okl. 205, 47 P.2d 134 (1935); and, *Kellenberger v. Bob Meyers Moving & Storage*, 595 P.2d 1229 (Okl.App.1979).

All of the Supreme Court decisions cited by Appellee were prior to the adoption of the U.C.C. in 1961. The U.C.C., in 12A O.S.1981 § 7–210(9), supersedes the older cases that found "automatic" conversion if the warehouseman did not comply with notice of sale requirements.[1]

Section 7–210(9) provides:

The warehouseman is liable for damages caused by failure to comply with the requirements for sale under this section *and in case of willful violation is liable for conversion.* (Emphasis added.)

For failure to comply with this statute to constitute conversion, a willful violation must be found. Mere non-compliance with the statutory requirements for sale is not a conversion, and will not result in punitive damages. The Court of Appeals in *Kellenberger* appears to refer to a willful violation of § 7–210 in deciding a conversion existed in that case.

Whether Appellant's violation of the requirements of § 7–210 was willful was a question of fact for the jury. Reasonable people could draw different conclusions from the evidence. Where there is a disputed issue of material fact, summary judgment is not proper. *Weldon v. Seminole Municipal Hospital*, 709 P.2d 1058 (Okl.1985). The trial court erred in holding the warehouseman liable in conversion for failure to comply strictly with the statutory sale provisions without regard to whether his actions were "willful". Thus, summary judgment on the issue of conversion was improper. If the Court's instructions are deemed to be a directed verdict on the issue of "conversion", the result is the same.

The judgment is REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR A NEW TRIAL.

HUNTER, C.J., and HANSEN, J., concur.

---

1. The Oklahoma Code Comment as to § 7–210(9) is as follows: (9) This changes Oklahoma law. Previous Oklahoma decisions held the warehouseman liable for conversion if he did not comply with the statutory sale provisions, without regard to whether or not his actions were "willful". *Roberts v. Callis*, 177 Okl. 359, 58 P.2d 1232 (1936); *Page v. Allison*, 173 Okl. 205, 47 P.2d 134, 99 A.L.R. 261 (1935).